1  John R. Haluck (SBN 090956)
   john.haluck@knchlaw.com
2  KOELLER, NEBEKER, CARLSON & HALUCK, LLP
   1478 Stone Point Drive, Suite 400
3  Roseville, CA  95661
   Telephone:    (916) 724-5700
4  Facsimile:    (916) 788-2850

5  Sharon Ann Huerta (SBN 186998)
   sharon.huerta@knchlaw.com
6  KOELLER, NEBEKER, CARLSON & HALUCK LLP
   225 Broadway, 21st Floor
7  San Diego, CA 92101
   Telephone:    (619) 233-1600
8  Facsimile:    (619) 236-0527

9  Attorneys for Defendant/Petitioner
   BEN BRIDGE JEWELER, INC.,
10 a Washington Corporation
   sued erroneously in the original state action as
11 BEN BRIDGE-JEWELER, Inc.

12

13              **UNITED STATES DISTRICT COURT**

14         **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

15

16  STEVE JUHLINE, individually; on behalf of      **Case No.:**   '11 CV2906 WQHNLS
    himself and all others similarly situated,
17
                    Plaintiffs/Respondents,        **NOTICE OF REMOVAL OF ACTION**
18                                                 **UNDER   28   U.S.C.   §   1441   (b)**
    v.                                             **(DIVERSITY)  AND  28  U.S.C.  §  1453**
19                                                 **(CAFA)**
    BEN      BRIDGE-JEWELER,      Inc.,      a
20  Washington  Corporation;  and  DOES  1
    through 50 inclusive,
21
                    Defendants/Petitioners.
22

23

24        TO THE ASSIGNED JUDGE OF THE UNITED STATES DISTRICT COURT FOR

25  THE SOUTHERN DISTRICT OF CALIFORNIA:

26        The  notice  of  removal  of  Defendant/Petitioner  BEN  BRIDGE  JEWELER,  INC.

27  respectfully shows:

28

                                            1

1. On AUGUST 30, 2010, a class action lawsuit was commenced against defendant/petitioner in the Superior Court of California, County of San Diego, No. 37-2011-00097079-CU-NP-CTL, entitled STEVE JUHLINE, *individually; on behalf of himself and all others situated, Plaintiffs, vs. BEN BRIDGE-JEWELER, Inc. a Washington Corporation; and DOES 1 through 50 inclusive, Defendants.* A copy of the Summons and Complaint, which were served on Defendant/Petitioner on November 19, 2011, are attached hereto as Exhibit "A."

2. The potential class consists of more than 22, 226 customers (see declarations attached hereto as Exhibits "B" and "C." Plaintiffs claim damages in the form of, among other things, civil penalties of $1,000 per customer per violation. Thus, the amount in controversy and the number of class participants is confirmed to be over the jurisdictional limits of the Class Action Fairness Act (CAFA).

3. The above-described action is a civil class action of which this court has original jurisdiction under the provisions of Title 28, Section 1332 of the United States Code, and is one that may be removed to this court by Defendant/Petitioner, pursuant to Title 28, Section 1441 of the United States Code and the Class Action Fairness Act of 2005 (CAFA) Pub. L. No. 109-2, 119 Stat. 4, [adding 28 U.S.C. §§ 1453 and 1711, *et seq.,* amending 28 U.S.C. §§ 1332, 1335, and 1603, and appearing in part as notes to 28 U.S.C. §§ 1332, 1711, 2071, and 2074] in that it is a civil action wherein the matter in controversy exceeds the sum or value of $5,000,000.00 exclusive of interest and costs, and is between citizens of different states. Plaintiff/Respondent STEVE JUHLINE, who, at the time this action was commenced, was, and still is, a citizen of the State of California. Defendant/Petitioner BEN BRIDGE JEWELER, INC., at the time this action was commenced, was, and still is, a corporation incorporated under the laws of the State of Washington, with its principal place of business in the State of Washington, and was not, and is not, incorporated under the laws of the State of California, wherein this action was brought.

4. Defendant/Petitioner is prepared to file a bond with good and sufficient surety conditioned that it will pay all costs and disbursements incurred by reason of the removal proceedings hereby brought, should it be determined that this action is not removable or is improperly removed.

5. A copy of all process, pleadings, and orders served upon Defendant/Petitioner is filed with this notice.

6. Defendant/Petitioner will give written notice of the filing of this notice as required by 28 U.S.C. § 1446 (d).

7. A copy of this notice will be filed with the clerk of the Superior Court in and for the County of San Diego, California as required by 28 U.S.C. § 1446 (d).

8. Defendant/Petitioner BEN BRIDGE JEWELER, INC., and its attorneys, join in and consent to the removal of this cause to the United States District Court for the Southern District of California.

WHEREFORE, Defendant/Petitioner requests that this action proceed in this Court as an action properly removed to it.

Respectfully submitted,

DATED: December 13, 2011          KOELLER, NEBEKER, CARLSON & HALUCK, LLP

_____
John R. Haluck
Attorneys for Defendant/Petitioner
BEN BRIDGE JEWELER, INC.,
a Washington Corporation

3

# Exhibit A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)* CE 12
CENTRAL DIVISION

2011 AUG 20 A 11: 16

SUPERIOR COURT
THE SI COUNTY, CA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BEN BRIDGE-JEWELER, INC. and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

STEVE JUHLINE

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> SAN DIEGO SUPERIOR COURT <br> 300 West Broadway, San Diego, CA 92101 | **CASE NUMBER:** <br> *(Número del Caso):* <br> **37-2011-00097079-CU-NP-CTL** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Harry W. Harrison, 402 West Broadway, 29th Fl., San Diego, CA 92101 (619) 756-6990

| DATE: AUG 3 0 2011 <br> *(Fecha)* | Clerk, by <br> *(Secretario)* L. Marmalejo | , Deputy <br> *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Ben Bridge - Jeweler, Inc.

   under: ☑ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☑ by personal delivery on *(date):*

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1    Harry W. Harrison, State Bar No. 211141
     Daniel D. Bodell, State Bar No. 208889
2    HARRISON & BODELL LLP
     402 West Broadway, 29th Floor
3    San Diego, CA 92101
     Telephone: (619) 756-6990
4    Facsimile: (619) 756-6991

5    Attorneys for Plaintiff and the Class

6

7

8

9                **SUPERIOR COURT OF CALIFORNIA**

                 **COUNTY OF SAN DIEGO**

10

11    STEVE JUHLINE, individually; on behalf of    )    CASE NO.: 37-2011-00097079-CU-NP-CTL
     himself and all others similarly situated,    )
12                               )    **CLASS ACTION**
                   Plaintiffs,    )
13                               )    **COMPLAINT FOR VIOLATIONS OF**
     vs.                                )    **CALIFORNIA CIVIL CODE §1747.08**
14                               )    **[SONG-BEVERLY CREDIT CARD ACT**
     BEN BRIDGE-JEWELER, Inc., a Washington    )    **OF 1971]**
15    Corporation; and DOES 1 through 50 inclusive, )
                              )
16                    Defendants.    )
                              )
17                               )
                              )
18                               )

19

20        Plaintiff Steve Juhline, on behalf of himself and all others similarly situated, complains

21 and alleges upon information and belief based, among other things, upon the investigation made

22 by Plaintiff by and through his attorneys, as follows:

23                                       I.

24                          <u>INTRODUCTION</u>

25        1.      California Civil Code section 1747.08 generally states that when a merchant is

26 engaged in a retail transaction with a customer, the merchant may neither (1) request a telephone

27 number and/or address from a customer paying for goods with a credit card, and then record that

28 telephone number and/or address upon the credit card transaction form or otherwise; nor (2)

HARRISON & BODELL LLP
402 West Broadway, 29th Floor
San Diego, CA 92101

-1-

1    utilize, in any credit card transaction, a credit card form which contains preprinted spaces

2    specifically designated for filling in the telephone number and/or address of the cardholder.[1]

3         2.       Defendant operates businesses in San Diego, California, under the name Ben

4    Bridge.

5         3.       Defendant is engaged in a pattern of unfair, unlawful and deceptive business

6    practices requesting and recording address information during the point-of-sale process at

7    Defendant's retail locations.

8         4.       Defendant has violated California Civil Code section 1747.08(a)(3) by and

9    through Defendant's requesting and recording of address information from its customers.

II.

**JURISDICTION AND VENUE**

10

11

12        5.       Defendant does business in the State of California, and in the County of San

13   Diego.  Defendant has accepted credit cards for the transaction of business in the County of San

14   Diego, which has caused both obligations and liabilities of Defendant to arise in the County of

15   San Diego.  Plaintiff Steve Juhline resides in the County of San Diego.

16        6.       The amount in controversy exceeds the jurisdictional minimum of this Court.

17   ///

18   ///

19   ///

20   _____

     [1]

21   California Civil Code section 1747.08 states in relevant part:

22   "(a) Except as provided in subdivision (c), no person, firm, partnership, association, or corporation which accepts
     credit cards for the transaction of business shall do either of the following:

23   (2) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or
     services, the cardholder to provide personal identification information, which the person, firm, partnership,
24   association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the
     credit card transaction form or otherwise.

25
     (3) Utilize, in any credit card transaction, a credit card form which contains preprinted spaces specifically
26   designated for filling in any personal identification information of the cardholder.

27   (b) For purposes of this section 'personal identification information,' means information concerning the cardholder,
     other than information set forth on the credit card, and including, but not limited to, the cardholder's address and
28   telephone number."

HARRISON & BODELL, LLP
402 West Broadway, 29th Floor
San Diego, CA 92101

-2-

III.

## THE PARTIES

### A.   Plaintiffs

7.      Plaintiff Steve Juhline (herein referred to as "Plaintiff") is a resident of San Diego, California.

8.      Plaintiff brings this lawsuit on behalf of an ascertainable statewide class consisting of all persons in California from whom entered into a credit card purchase transaction with Defendant, wherein address or other personal information was requested and recorded, during the time period from one year prior to the filing of this Complaint and until said practice is terminated (the "Class"). Excluded from the Class are Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, any entity in which Defendant has a controlling interest, and the legal representatives, successors or assigns or any such excluded persons or entities, and the attorneys for Plaintiff in this action.

### B.   Defendant

9.      Defendant Ben Bridge-Jeweler, Inc. (hereinafter referred to as "Defendant") is a Washington corporation, with a principal place of business in California given the number of retail locations it operates in this State, including San Diego County.

### C.   Doe Defendants

10.      Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as DOES 1 through 50, inclusive, and the nature of their wrongful conduct, and therefore sues these DOE Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

### D.   Agency/Aiding and Abetting

11.      At all times herein mentioned, Defendants, and each of them, were an agent or joint venturer of each of the other Defendants, and in doing the acts alleged herein, were active within the course and scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in,

///

HARRISON & BODELL, LLP
402 West Broadway, 29th Floor
San Diego, CA 92101

1   acquiesced and/or authorized the wrongful acts of each co-defendant, and/or retained the benefits

2   of said wrongful acts.

3        12.    Defendants, and each of them, aided and abetted, encouraged and rendered

4   substantial assistance to the other Defendants in breaching their obligations to Plaintiff and the

5   class, as alleged herein.  In taking action, as particularized herein, to aid and abet and

6   substantially assist the commissions of these wrongful acts and other wrongdoings complained

7   of, each of the Defendants acted with an awareness of his/her/its primary wrongful conduct,

8   wrongful goals, and wrongdoing.

9   IV.

10  __CONDUCT GIVING RISE TO VIOLATIONS OF THE LAW__

11      A.    __Plaintiff's Contact with Defendant__

12       13.    Within the last 12 months, Plaintiff went to one of Defendant's Ben Bridge-

13  Jeweler, Inc.'s store in San Diego, California.

14       14.    At the conclusion of his experience at Defendant's store, Plaintiff opted to pay

15  using his credit card.

16       15.    After providing his credit card as tender, Plaintiff was asked to provide his full

17  address to complete the transaction, which information was recorded.  Plaintiff then completed

18  the credit card transaction.

19  V.

20  __PLAINTIFF'S CLASS ACTION ALLEGATIONS__

21       16.    This lawsuit is brought on behalf of an ascertainable statewide class consisting of

22  all persons in California who entered into a credit card purchase transaction with Defendant,

23  wherein address or other personal information was requested and recorded during the time period

24  from one year prior to the filing of this Complaint and until said practice is terminated (the

25  "Class").  Excluded from the Class is Defendant, its corporate parents, subsidiaries and affiliates,

26  officers and directors, any entity in which Defendant has a controlling interest, and the legal

27  representatives, successors or assigns or any such excluded persons or entities, and the attorneys

28  for Plaintiff in this action.

_(left margin)_ HARRISON & BODELL LLP  402 West Broadway, 29th Floor  San Diego, CA 92101

HARRISON & BODELL LLP
402 West Broadway, 29th Floor
San Diego, CA 92101

17.     The members of the Class are so numerous that joinder of all members is impracticable.  While the exact number of Purchase Class members is unknown to Plaintiff at this time, such information can be ascertained through appropriate discovery, from records maintained by Defendant and its agents.

18.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable, the likelihood of individual Class members prosecuting separate claims is remote and individual Class members do not have a significant interest in individually controlling the prosecution of separate actions.  Relief concerning Plaintiff's rights under the laws alleged herein and with respect to the Class as a whole would be appropriate.  Plaintiff knows of no difficulty to be encountered in the management of this action which would preclude its maintenance as a class action.

19.     There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiff's claims are typical of the members of the Class, and Plaintiff can fairly and adequately represent the interests of the Class.

20.     Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class.  Among the questions of law and fact common to the Class are:

a.     whether each Class member engaged in a credit card transaction with Defendant;

b.     whether Defendant requested and recorded address or other personal information during credit card transactions with Class members; and

c.     whether Defendant's conduct violates California Civil Code section 1747.08(a)(3).

21.     Plaintiff's claims are typical of those of the other Class members because Plaintiff, like every other Class member, was exposed to virtually identical conduct and is entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to California Civil Code section 1747.08(e).

///

22.     Plaintiff can fairly and adequately represent the interests of the Class, he has no conflicts of interest with other Class members, and has retained counsel competent and experienced in class action and civil litigation.

23.     The amount in controversy does not exceed $74,999.99 as to Plaintiff or any other individual Class member.

### CAUSE OF ACTION FOR VIOLATIONS
### OF CALIFORNIA CIVIL CODE § 1747.08

24.     Plaintiff refers to and incorporates by reference as though set forth fully herein paragraphs 1 through 23 of this Complaint.

25.     California Civil Code section 1747.08 prohibits any person, firm, partnership, association, or corporation, which accepts credit cards for the transaction of business, from requesting and recording a telephone number and/or address from a customer paying for goods with a credit card.

26.     Defendant is a corporation that accepts credit cards for the transaction of business.

27.     During credit card transactions entered into at each of Defendant's stores on each and every day during the one-year period preceding the filing of the class action complaint in this action, Defendant in each and every credit card transaction entered into with Plaintiff and the Class, requested and recorded a telephone number and/or address in violation of California Civil Code section 1747.08(a)(3).

28.     It is and was Defendant's routine business practice to intentionally engage in the conduct described in this cause of action with respect to Plaintiff and every member of the Class who entered into a credit card transaction at any of Defendant's stores in the State of California.

29.     Due to Defendant's violations as set forth herein, Plaintiffs and the Class are entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to California Civil Code section 1747.08(e).

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

/ / /

/ / /

HARRISON & BODELL LLP
402 West Broadway, 29th Floor
San Diego, CA 92101

# PRAYER FOR RELIEF

PLAINTIFF AND THE CLASS PRAY for judgment against Defendant as follows:

1.    That the Court award to Plaintiff and to each member of the Class the civil penalty to which he or she is entitled under California Civil Code section 1747.08(e);

2.    For distribution of any moneys recovered on behalf of the Class of similarly situated consumers or the general public via fluid recovery or *cy pres* recovery where necessary to prevent Defendant from retaining the benefits of its wrongful conduct;

3.    That the Court preliminarily and permanently enjoin Defendant from further violating California Civil Code section 1747.08(a)(3);

4.    That the Court certifies this action as a class action;

5.    For an award of attorneys' fees as authorized by statute including, but not limited to, the provisions of California Code of Civil Procedure § 1021.5, and as authorized under the "common fund" doctrine;

6.    For costs of the suit;

7.    For prejudgment interest at the legal rate;

8.    And for such other relief as the Court may deem proper.


DATED: August 24, 2011        HARRISON & BODELL LLP


                              By: _____
                                  Harry W. Harrison
                                  Daniel D. Bodell
                                  Attorneys for Plaintiff and the Class

HARRISON & BODELL LLP
402 West Broadway, 29th Floor
San Diego, CA 92101

-7-

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS:      330 West Broadway<br>MAILING ADDRESS:   330 West Broadway<br>CITY AND ZIP CODE:   San Diego, CA 92101<br>BRANCH NAME:        Central<br>TELEPHONE NUMBER: (619) 450-7072 | |
| PLAINTIFF(S) / PETITIONER(S):   Steve Juhline | |
| DEFENDANT(S) / RESPONDENT(S):  BEN BRIDGE-JEWELER INC | |
| JUHLINE VS. BEN BRIDGE-JEWELER INC | |
| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2011-00097079-CU-NP-CTL |

Judge: Timothy Taylor                                    Department: C-72

**COMPLAINT/PETITION FILED:** 08/30/2011

## CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

DEFAULT: If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service. (SDSC Local Rule 2.1.7)

CASE MANAGEMENT CONFERENCE: A Case Management Conference will be set within 150 days of filing the complaint.

ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION. IF THE CASE IS ORDERED TO ARBITRATION PURSUANT TO CODE CIV. PROC. 1411.11, THE COSTS OF ARBITRATION WILL BE PAID BY THE COURT PURSUANT TO CODE CIV. PROC. 1141.28.

FOR MORE INFORMATION, SEE THE ATTACHED ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730)



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2011-00097079-CU-NP-CTL      CASE TITLE: Juhline vs. BEN BRIDGE-JEWELER INC

<u>NOTICE</u>: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
> (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
> (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), <u>and</u>
> (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>Potential Advantages and Disadvantages of ADR</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
| --- | --- |
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

<u>Most Common Types of ADR</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

Mediation: A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

Settlement Conference: A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

Arbitration: A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u> Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. <u>§ 1141.10 et seq</u> or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S): Steve Juhline |
|---|
| DEFENDANT(S): BEN BRIDGE-JEWELER INC |
| SHORT TITLE: JUHLINE VS. BEN BRIDGE-JEWELER INC |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2011-00097079-CU-NP-CTL |
|---|---|

Judge: Timothy Taylor                                                  Department: C-72

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                                    ☐ Binding private arbitration

☐ Voluntary settlement conference (private)     ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                        ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____
_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____
_____
_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                        Date: _____

_____                        _____
Name of Plaintiff                                              Name of Defendant

_____                        _____
Signature                                                        Signature

_____                        _____
Name of Plaintiff's Attorney                                 Name of Defendant's Attorney

_____                        _____
Signature                                                        Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated: 08/30/2011                                          _____
                                                                    JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)          STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION          Page: 1

3

CIVIL BUSINESS OFFICE **CM-010**

FOR COURT USE ONLY

2011 AUG 30  A II: 16

SUPERIOR COURT
SAN DIEGO COUNTY, CA

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* |
|---|
| Harry W. Harrison (SBN 211141) |
| Harrison & Bodell LLP |
| 402 West Broadway, 29th Floor, San Diego, CA 92101 |
| TELEPHONE NO.: 619-756-6990    FAX NO.: 619-756-6991 |
| ATTORNEY FOR *(Name):* Plaintiff |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, 92101
BRANCH NAME: Central

CASE NAME:
STEVE JUHLINE v. BEN BRIDGE-JEWELER, INC., DOES 1-50

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2011-00097079-CU-NP-CTL<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [✓] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):*
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 29, 2011

Harry W. Harrison
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

# Exhibit B

1   John R. Haluck (SBN 090956)
    john.haluck@knchlaw.com
2   KOELLER, NEBEKER, CARLSON & HALUCK, LLP
    1478 Stone Point Drive, Suite 400
3   Roseville, CA  95661
    Telephone:  (916) 724-5700
4   Facsimile:  (916) 788-2850

5   Sharon Ann Huerta (SBN 186998)
    sharon.huerta@knchlaw.com
6   KOELLER, NEBEKER, CARLSON & HALUCK LLP
    225 Broadway, 21st Floor
7   San Diego, CA 92101
    (619) 233-1600
8   (619) 236-0527 Fax

9   Attorneys for Defendant
    BEN BRIDGE JEWELER, INC.,
10  a Washington Corporation
    sued erroneously in the original state action as
11  BEN BRIDGE-JEWELER, Inc.

12              **UNITED STATES DISTRICT COURT**

13        **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

14  STEVE JUHLINE, individually; on behalf of     **Case No.:**
    himself and all others similarly situated,
15
            Plaintiffs/Respondents,              **DECLARATION     OF     JEROME
16                                               GRONFEIN    IN    SUPPORT    OF
    v.                                           REMOVAL OF CLASS ACTION**
17
    BEN      BRIDGE-JEWELER,      Inc.,     a
18  Washington  Corporation;  and   DOES    1
    through 50 inclusive,
19
            Defendants/Petitioners.
20

21

22  I, Jerome Gronfein, declare as follows:

23      1.  I am the corporate Chief Financial Officer and Treasurer for Ben Bridge Jeweler, Inc.,

24          defendant and petitioner herein.  As such I have verified and confirmed the accuracy of

25          the information contained herein and attest to its truthfulness and accuracy.

26      2.  Ben Bridge Jeweler, Inc. operates retail jewelry stores and has seventy-one (71) stores in

27          eleven (11) states, of which twenty-nine (29) are in California.  Ben Bridge Jeweler, Inc.

28          is  a  wholly  owned  subsidiary  of  The  Ben  Bridge  Corporation,  a  privately-held

                                        1

1   Washington corporation whose sole asset is Ben Bridge Jeweler, Inc. The Ben Bridge

2   Corporation is a wholly owned subsidiary of Berkshire Hathaway, Inc., publicly traded.

3   3. Ben Bridge Jeweler, Inc., at all times pertinent to the complaint herein, operated twenty-

4      eight (28) stores in California between August 31, 2010 and August 30, 2011, the date of

5      filing of the present complaint in the Superior Court of California, County of San Diego.

6   4. Our corporate data base provided me with aggregate numbers of credit card transactions at

7      each of our California stores between August 2010 and August 30, 2011. The net

8      aggregate numbers of credit card transactions for the Ben Bridge Jeweler stores in

9      California for the time period covered by Plaintiffs' class action complaint that would be

10     subject to the consumer statute alleged in said complaint. The total number of customers

11     of Ben Bridge Jeweler stores in California between August 31, 2010 and August 30, 2011,

12     who used credit cards to make purchases that would be subject to California Civil Code

13     section 1747.08, would be closely approximate to 22,226.

14  5. Ben Bridge only requests the identified and protected private information, in all credit

15     card sales instances, after the conclusion of the credit card transaction, which, I am

16     informed and believe, and thereon aver, is not prohibited by the cited statute or state

17     decisional authority, and said information is immediately input into the store's computer

18     and encrypted, not connected to said credit card transaction, and none of the information

19     is otherwise recorded or recoverable by any Ben Bridge sales associate or employee, other

20     than the accounting department and marketing department in the state of Washington.

21     I declare under penalty of perjury that the foregoing is true and correct. SUBSCRIBED

22  AND SWORN TO this 9ᵗʰ day of December 2011 in Seattle, Washington.

23

24                                                    _____

25                                                    JEROME GRONFEIN

26

27

28

DECLARATION OF JEROME GRONFEIN IN SUPPORT OF REMOVAL
Juhline v. Ben Bridge Jeweler

# Exhibit C

1   John R. Haluck (SBN 090956)
    john.haluck@knchlaw.com
2   KOELLER, NEBEKER, CARLSON & HALUCK, LLP
    1478 Stone Point Drive, Suite 400
3   Roseville, CA  95661
    Telephone:  (916) 724-5700
4   Facsimile:   (916) 788-2850

5   Sharon Ann Huerta (SBN 186998)
    sharon.huerta@knchlaw.com
6   KOELLER, NEBEKER, CARLSON & HALUCK LLP
    225 Broadway, 21st Floor
7   San Diego, CA 92101
    Telephone:     (619) 233-1600
8   Facsimile:      (619) 236-0527

9   Attorneys for Defendant/Petitioner
    BEN BRIDGE JEWELER, INC.,
10  a Washington Corporation
    sued erroneously in the original state action as
11  BEN BRIDGE-JEWELER, Inc.

12

13              **UNITED STATES DISTRICT COURT**

14          **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

15

16  STEVE JUHLINE, individually; on behalf of      **Case No.:**
    himself and all others similarly situated,
17
                                                   **DECLARATION   OF   JOHN   R.**
18              Plaintiffs/Respondents,            **HALUCK    IN    SUPPORT    OF**
                                                   **REMOVAL OF CLASS ACTION**
19  v.

20  BEN      BRIDGE-JEWELER,    Inc.,    a
    Washington   Corporation;   and   DOES   1
21  through 50 inclusive,

22              Defendants/Petitioners.

23

24  I, John R. Haluck, declare:

25      1.  I am an attorney licensed by the state of California to practice before all courts of the state

26          and I am duly admitted to practice before the United States District Court for the Southern

27          District of California.  I am a member of the law firm of Koeller, Nebeker, Carlson &

28          Haluck, LLP, attorneys for defendant/petitioner, Ben Bridge Jeweler, Inc.   I am

                                           1
    Case No:                          DECLARATION OF JOHN R. HALUCK IN SUPPORT
                                        OF REMOVAL Juhline v. Ben Bridge Jeweler

1    sufficiently familiar with the facts as stated herein and, if called upon to testify on these
2    matters, I could and would do so competently.

3  2.  Defendant/Petitioner, Ben Bridge Jeweler, Inc., a Washington corporation, is sued by a
4    plaintiff named Steve Juhline, a California resident, on behalf of himself and all others
5    similarly situated in a class yet to be determined or sanctioned, but, nevertheless, a class
6    action.

7  3.  Ben Bridge Jeweler, Inc. operates retail jewelry stores and has 71 stores in 11 states, 29 of
8    which are in California, 28 of which were open and operating at all times pertinent to
9    plaintiffs' complaint filed in California state court.  Ben Bridge Jeweler was founded in
10   Seattle, Washington in 1912 and incorporated in Washington in 1959.  Ben Bridge
11   Jeweler's principal place of business is in Seattle, Washington.  Ben Bridge Jeweler, Inc.
12   is a wholly owned subsidiary of The Ben Bridge Corporation, a privately-held
13   Washington corporation whose sole asset is Ben Bridge Jeweler, Inc.  The Ben Bridge
14   Corporation is a wholly owned subsidiary of Berkshire Hathaway, Inc., publicly traded.

15  4.  Mr. Juhline, on his own behalf and all others similarly situated, sues Ben Bridge Jeweler,
16   Inc. in San Diego county, California in a pleading titled "CLASS ACTION", for violation
17   of California Civil Code § 1747.08 which, Plaintiffs claim, and Defendant agrees,
18   authorizes civil penalties of up to $1,000 for each violation after the first violation.
19   Plaintiff claims that Defendant Ben Bridge Jeweler, Inc. violated the statute each and
20   every time a customer in California paid for merchandise with a credit card and was asked
21   for the customer's address and/or telephone number.  Ben Bridge Jeweler, Inc.'s position
22   is that the statute prohibits requesting or requiring said information as a condition to
23   accepting the credit card in payment, which Ben Bridge denies that it did.  Appellate
24   courts in the state of California have decided that violations occur if the information is
25   requested before or during the credit card transaction, regardless of whether the
26   information is requested as a condition for acceptance of the credit card, but have drawn
27   the line for violations at the termination of the transaction.  In other words, the
28   information can legally be requested after the transaction is concluded.  Ben Bridge will

2

Case No:                        DECLARATION OF JOHN R. HALUCK IN SUPPORT
                                OF REMOVAL Juhline v. Ben Bridge Jeweler

defend this action on the bases that the requests for information occurred, in all instances, after the conclusion of the credit card transaction, which is not prohibited by the cited statute or by California decisional authority, and said information, once input into the store's computer, is, and was, encrypted, not connected to said credit card transaction, and not recoverable by any sales associate or employee other than select persons in Defendant's/Petitioner's marketing department in the state of Washington.

5. The additional declaration herewith, from Jerome Gronfein, CFO and Treasurer for Ben Bridge Jeweler, Inc. establishes that 22,226 credit card transactions, after which the customer was likely asked for his or her address and/or telephone number, occurred during the time covered by plaintiffs' complaint, to wit: August 31, 2010 to August 30, 2011 that, arguably, could be subject to the civil penalties of California Civil Code § 1747.08.  At $1,000 civil penalty for each alleged violation, the amount in controversy is $22,226,000.00, far in excess of the CAFA statutory threshold of $5 million for diversity jurisdiction in the United States District Court.

6. Defendant/Petitioner Ben Bridge Jeweler, Inc. denies that its conduct violated the statute, but acknowledges that the amount in controversy exceeds $5 million, the threshold for diversity jurisdiction required by the Class Action Fairness Act of 2005 (CAFA) Pub. L. No. 109-2, 119 Stat. 4.

I declare under penalty of perjury that the foregoing is true and correct.  Subscribed and sworn this 13th day of December, 2011 in Roseville, California.

_____
JOHN R. HALUCK

Case No:                                          DECLARATION OF JOHN R. HALUCK IN SUPPORT
                                                  OF REMOVAL Juhline v. Ben Bridge Jeweler

1 | **Steve Juhline, et al. v. Ben Bridge-Jeweler, Inc., et al.**
2 | United States District Court Case No:

3 | # DECLARATION OF PROOF OF SERVICE

4

5 | I am over the age of 18 years and not a party to the within action; my business address is,
6 | and I am employed at KOELLER NEBEKER CARLSON & HALUCK, LLP, 1478 Stone Point
   | Drive, Suite 400, Roseville, CA 95661.

7

8 | On the date below I served the following document(s) on the person(s) listed below as
   | follows:

9 | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (b) (DIVERSITY)**
   | **AND 28 U.S.C. § 1453 (CAFA)**

10

| X | **BY MAIL.** I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Roseville, California. |
|---|---|
|   | **BY PERSONAL SERVICE.** I caused to be delivered the above-listed document(s) by hand to the office of the person(s) listed below. |
|   | **BY OVERNIGHT DELIVERY.** I caused the above-listed document(s) to be delivered by overnight delivery to the office of the person(s) listed below. |
|   | **BY FACSIMILE.** I caused the above-listed document(s) to be transmitted by facsimile machine to the office of the person(s) listed below. |
|   | **BY LexisNexis (Electronic Service).** I caused the above-listed document(s) to be transmitted by e-served via LexisNexis to service recipients. |

18 | **Attorney for Plaintiff**
   | Harry W. Harrison
19 | Daniel D. Bodell
   | HARRISON & BODELL, LLP
20 | 402 West Broadway, 29th Floor
   | San Diego, Ca 92101
21 | (619) 756-6991

22

23 | I declare under penalty of perjury the foregoing is true and correct under the laws of the
   | State of California.

24 | Executed at Roseville, California, on December 13, 2011.

Erika Arends

4