FILED

SEP 11 2012

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE JUHLINE, individually and on behalf of himself and all others similarly situated,<br><br>                              Plaintiffs,<br><br>    vs.<br><br>BEN BRIDGE JEWELER, INC., a Washington Corporation; and DOES 1 through 50 inclusive,<br><br>                           Defendants. | CASE NO. 11cv2906-WQH-NLS<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion for Summary Judgment filed by Defendant Ben Bridge Jeweler, Inc. (ECF No. 6).

## BACKGROUND

**A.  Procedural Background**

On August 30, 2011, Plaintiff Steve Juhline filed a Class Action Complaint against Defendant Ben Bridge Jeweler in San Diego Superior Court. (ECF No. 1). The Complaint alleges that "during credit card transactions entered into at each of Defendant's stores ... Defendant in each and every credit card transaction entered into with Plaintiff and the [proposed] Class ... requested and recorded a telephone number and/or address in violation of California Civil Code § 1747.08," also known as the Song-Beverly Credit Card Act. *Id.* at 11. On December 13, 2011, Defendant removed the action to this Court.

1    On April 4, 2012, Defendant filed a Motion for Summary Judgment contending that it

2  is entitled to relief as a matter of law because Plaintiff is collaterally estopped from pursuing

3  his claims and that Plaintiff cannot prove all of the elements necessary to show a violation of

4  the Song-Beverly Credit Card Act.   (ECF No. 6).   On May 4, 2012, Plaintiff filed an

5  opposition. (ECF No. 10). On May 11, 2012, Defendant filed a reply. (ECF No. 11).

6  **B.    Undisputed Material Facts**

7    Defendant submits the declaration of Jerome Gronfein, Chief Financial Officer of Ben

8  Bridge Jeweler, who states:

9  ...To perform a sales transaction [at the Ben Bridge retail store at which Plaintiff
made his purchase], the sales associate first signs onto the computer. The

10  associate then selects the "Sales" function from the menu and enters the items
to be sold. After the item or items have been entered, the sales associate must

11  select "tender" to proceed with the transaction. The associate is then prompted
to select the payment type. If the customer is paying by credit card, the associate

12  selects "card" and a screen pops up to enter the credit card's security code....
[T]he screen will prompt the sales associate to instruct the customer [to] swipe

13  the credit card through the reader. Once the card is swiped, the customer is
prompted for debit or credit on the signature capture unit, and he or she makes

14  the appropriate selection. After selecting credit, the customer is prompted to
approve the amount of the transaction by pressing "OK".... When the transaction

15  is approved by the credit card processor, the system then prompts the customer
to sign the signature capture device to complete the sale. The customer signs the

16  capture device and presses "OK." At this point, the sales associate compares the
signature displayed on the register screen to that of the signature on the card. If

17  they match, the sales associate clicks "Acceptable" and then "OK" on the screen
when prompted to confirm that the signature is okay. The sales associate must

18  then click "OK" at the bottom of the screen. At this point, the credit card
transaction is completed.

19

20  ...Following the completion of the credit card transaction, the next screen is the
"Customer Information" window, which pops up after exiting the tender section

21  of the transaction. The associate enters the information given to him or her by
the customer. If the customer declines to give the requested information, the

22  associate must enter "Cash Sale" as the customer's name and click "OK" in
order to bypass this window. The sales associate then presses "OK" through the

23  remaining fields on the screen and then the sales receipt prints.

    (ECF No. 6-2 at 2-3).
24

25    Defendant submits the declaration of Mary Lou Castillo, who states:

26  ...On August 11, 2011, I was working as a sales associate at the Ben Bridge
Jeweler, Inc. retail store located... [in] Carlsbad, CA.... On that day, I processed

27  a credit card transaction for the purchase of an item of merchandise by Plaintiff
Steve Juhline. During Plaintiff's credit card transaction, I followed our company

28  procedures for ringing sales and followed the prompts by the point of sales
software program.

...I did not request or record Plaintiff's personal identification information until prompted by the point of sales computer program.

(ECF No. 6-3).

Plaintiff Juhline submits his own declaration, stating:

On August 11, 2011, I shopped at the Ben Bridge Jeweler store in Carlsbad, California. I selected merchandise to purchase and brought it to the cash register. While I was standing at the cash register paying for my merchandise with a credit card, the Ben Bridge cashier asked me to provide my driver's license. The cashier asked if the address on my drivers license was current. I said no. The cashier then asked for my current home address, which I provided. I believe that I also provided my telephone number. The cashier entered my home address into the Ben Bridge cash register. The cashier then handed me the receipt for my purchase and the merchandise. It is my experience as a consumer that a sales transaction is not complete until I have possession of the merchandise and can freely leave the store.

(ECF No. 10-2).

## C.   Standard of Review for Summary Judgment

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). The materiality of a fact is determined by the substantive law governing the claim or defense. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party has the initial burden of demonstrating that summary judgment is proper. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). The burden then shifts to the opposing party to provide admissible evidence beyond the pleadings to show that summary judgment is not appropriate. *See Celotex*, 477 U.S. at 322, 324. To avoid summary judgment, the opposing party cannot rest solely on conclusory allegations of fact or law. *See Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Instead, the nonmovant must designate which specific facts show that there is a genuine issue for trial. *See Anderson*, 477 U.S. at 256. The opposing party's evidence is to be believed, and all justifiable inferences are to be drawn

1  in their favor. *See id.*

2  **DISCUSSION**

3  **A.    Collateral Estoppel**

4  Defendant contends that Plaintiff's claims are barred by collateral estoppel because Ben
5  Bridge Jeweler prevailed on the merits in a similar case in Los Angeles County Superior Court
6  involving alleged violations of the Song-Beverly Credit Card Act. In that case, the state court
7  granted Ben Bridge summary adjudication prior to class certification because the court found
8  that Ben Bridge's procedures for requesting personal information from customers did not
9  violate the Song-Beverly Credit Card Act. Defendant contends that there is privity between
10 Plaintiff in this federal case and the plaintiffs in the Los Angeles County Superior Court case,
11 and that Plaintiff in this case is bound by the prior decision of the Los Angeles County
12 Superior Court.

13 Plaintiff contends that summary adjudication granted prior to class certification does
14 not bar a subsequent claim by a different plaintiff. Plaintiff contends that the decision of the
15 Los Angeles County Superior Court in the prior case was based on an incorrect interpretation
16 of relevant state law.

17 "Collateral estoppel, or issue preclusion, precludes the relitigation of issues argued and
18 decided in prior proceedings." *Kerner v. Superior Court*, 206 Cal.App.4th 84, 124 (2012)
19 *citing Hernandez v. City of Pomona,* 46 Cal.4th 501, 511 (2009). For collateral estoppel to
20 apply and bar an issue from being litigated, the following "threshold requirements" must be
21 met: "First, the issue sought to be precluded from relitigation must be identical to that decided
22 in a former proceeding. Second, this issue must have been actually litigated in the former
23 proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the
24 decision in the former proceeding must be final and on the merits. Finally, the party against
25 whom preclusion is sought must be the same as, or in privity with, the party to the former
26 proceeding." *Hernandez,* 46 Cal.4th at 511 *quoting Lucido v. Superior Court,* 51 Cal.3d 335,
27 341 (1990).

28

- 4 -

1    When applying issue preclusion to class action cases, the United States Supreme Court
2  has held that unnamed putative class members cannot be bound by issue preclusion if the class
3  was never certified in the prior proceeding. *Smith v. Bayer Corporation*, --- U.S. ----, 131
4  S.Ct. 2368, 2380-81 (2011). California courts have followed the Supreme Court, holding that
5  "if no class was certified by the court in the prior proceeding, the interests of absent putative
6  class members were not represented in the prior proceeding and the requirements for collateral
7  estoppel cannot be established." *Bridgeford v. Pacific Health Corp.,* 202 Cal.App.4th 1034,
8  1043 (2012).

9    A court "'may take notice of proceedings in other courts, both within and without the
10  federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias*
11  *v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) *(quoting Bennett v. Medtronic, Inc.,* 285
12  F.3d 801, 803 n. 2 (9th Cir. 2002)). The Court takes judicial notice that on April 20, 2009,
13  Plaintiff James Reisman filed a Class Action Complaint against Defendant Ben Bridge Jeweler
14  in Los Angeles County Superior Court alleging violations of the Song-Beverly Credit Card
15  Act. (Case No. BC412141; ECF No. 6-5). The Court takes judicial notice that on August 24,
16  2009, Ben Bridge moved for summary adjudication in that case, submitting a declaration from
17  Chief Financial Officer Jerome Gronfein which described the electronic sales transaction
18  process at all Ben Bridge retail locations. (ECF No. 6-6). The motion for summary
19  adjudication stated that "the class has not yet been certified and this is a motion seeking an
20  early merit determination." *Id.* at 3. The Court takes judicial notice that on August 19, 2010,
21  the Los Angeles County Superior Court granted Ben Bridge's motion for summary
22  adjudication, holding that "plaintiff has failed to raise a triable issue of fact as to whether or
23  not defendant's procedures for requesting personal identification information violated Civil
24  Code § 1747.08." (ECF No. 6-9). The Order of the Los Angeles County Superior Court
25  states:

26  Plaintiff does not dispute defendant's procedures for performing sales
27  transactions ... Plaintiff also does not appear to dispute that defendant made "no preliminary request[s] for personal identification information" in connection with credit card sales transactions; ... This court follows Florez [v. Linens 'N
28  Things, Inc. 108 Cal. App. 4th 447 (2003)]'s construction of the statute and declines to read into the statute a requirement that no personal identification

information can be requested or recorded until after a retailer prints the sales receipt and gives it, along with the merchandise, to the customer.

*Id.* (quotations omitted).

Defendant has shown that a prior state court case against Ben Bridge alleging violations of the Song-Beverly Credit Card Act was adjudicated on the merits prior to class certification. Defendant has not show that Plaintiff was a named party in that prior action or in privity with a named party in that action. Accordingly, this Court concludes that the interests of Plaintiff in this case "were not represented in the prior proceeding and the requirements for collateral estoppel cannot be established." *See Bridgeford,* 202 Cal.App.4th at 1043.

**B.      Violation of the Song-Beverly Credit Card Act**

Defendant contends that the standard procedures employed by Ben Bridge retailers for requesting personal identification information do not violate the Song-Beverly Credit Card Act because the retailer waits "until the credit transaction is completed before requesting a customer's address and telephone number," and "it is physically impossible for the store sales associates to record any personal information until the sales transaction is completed and payment is tendered." (ECF No. 6-1 at 11). Defendant contends that statutory construction of the Song-Beverly Credit Card Act prohibits only a preliminary request for personal identification information that immediately precedes the credit card transaction.

Plaintiff contends that the Song-Beverly Credit Card Act should be interpreted broadly to prohibit the request of personal identification information "in conjunction with the use of a credit card." (ECF No. 10 at 13). Plaintiff contends that Defendant's request for personal identification information occurs before the sales transaction is complete and is thus prohibited by the Act. *Id.*

The Song-Beverly Credit Card Act provides that:

> [N]o person, firm, partnership, association, or corporation that accepts credit cards for the transaction of business shall do any of the following: ...

> Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise....

1
2

Utilize, in any credit card transaction, a credit card form which contains preprinted spaces specifically designated for filling in any personal identification information of the cardholder....

3
4

For purposes of this section "personal identification information," means information concerning the cardholder, other than information set forth on the credit card, and including, but not limited to, the cardholder's address and telephone number.

5 Cal. Civ. Code § 1747.08(a)(2-3), (b).

6        The Song-Beverly Credit Card Act is violated when "a consumer would perceive the

7 store's request for information as a condition of the use of a credit card." *Florez v. Linens 'N*

8 *Things, Inc.*, 108 Cal. App. 4th 447, 451 (2003) (quotations omitted). A court applies an

9 objective test to determine whether a retailer's request for personal identification information

10 would be perceived as a condition of credit card payment. *See Florez*, 108 Cal. App. 4th at

11 451 ("[T]he retailer's request for personal identification information must be viewed from the

12 customer's standpoint."). "[W]here no reasonable customer could perceive the request for

13 [personal identification information] as a condition for the credit card transaction, the Act has

14 not been violated." *Gass v. Best Buy Co., Inc.*, 279 F.R.D. 561, 572 (C.D. Cal. 2012); see also

15 *Rothman v. General Nutrition Corp.*, No. CV 11-03617 SJO (Rzx), 2011 WL 6940490 at * 6

16 (C.D.Cal. November 17, 2011) ("[I]f the personal information is requested as opposed to

17 required, whether there has been a violation of the Act would depend upon whether the

18 individual consumer reasonably believed that providing his personal information was a

19 condition of consummating the credit card transaction.").

20        "By its plain language, [the Song-Beverly Credit Card Act] prohibits a 'request' for

21 personal identification information in conjunction with the use of a credit card." *Florez*, 108

22 Cal. App. 4th at 451; *see also Korn*, 644 F.Supp.2d at 1216 ("a plaintiff may state a cause of

23 action by alleging that a defendant requested such information in conjunction with a credit card

24 transaction"). However, "nothing prevents a retailer from soliciting a consumer's address and

25 telephone number for a store's mailing list, if that information is provided voluntarily.... A

26 merchant can easily delay the request until the customer tenders payment or makes his or her

27 preferred method of payment known." *Florez*, 108 Cal. App. 4th at 451. "[A] 'request' for

28 personal identification information [is] prohibited if it immediately preceded the credit card

1  transaction... section 1747.8 bars a preliminary request for personal identification information."

2  *Id.* at 453.

3      The undisputed facts of this case show that a sales associate at Ben Bridge Jewelers

4  requested personal identification information from Plaintiff on August 11, 2011 "while

5  [Plaintiff] was standing at the cash register paying for [his] merchandise with a credit card."

6  (ECF No. 10-2). The undisputed facts show that the request occurred after Plaintiff indicated

7  that he would be paying with a credit card, handed his card to the sales associate, obtained

8  approval from the credit card processor, and signed for the purchase, but before his receipt was

9  printed and the purchased merchandise was handed to him by the sales associate. The facts

10 do not show a clear indication to the customer that the credit card transaction has been

11 completed at the time their personal identification information is requested.

12     Defendant has failed to show that, "viewed from the customer's standpoint," *Florez*,

13 108 Cal. App. 4th at 451, "no reasonable customer could perceive the request for [personal

14 identification information] as a condition for the credit card transaction," *Gass*, 279 F.R.D. at

15 572, that occurred in this case. Defendant has failed to show that the request for personal

16 identification information in this case is not "in conjunction with the use of a credit card."

17 *Florez*, 108 Cal. App. 4th at 451. Based on the undisputed facts presented, the Court finds that

18 Defendant has failed to demonstrate that it is entitled to judgment as a matter of law on

19 Plaintiff's claim for a violation of the Song-Beverly Credit Card Act.

20                              **CONCLUSION**

21     IT IS HEREBY ORDERED that the Motion for Summary Judgment filed by Defendant

22 Ben Bridge Jeweler, Inc. (ECF No. 6) is DENIED.

23
24 Dated: 9/7/12

25 WILLIAM Q. HAYES
   UNITED STATES DISTRICT JUDGE

- 8 -                                      11cv2906-WQH-NLS