Harry W. Harrison, State Bar No. 211141
hharrison@harrisonbodell.com
Daniel D. Bodell, State Bar No. 208889
dbodell@harrisonbodell.com
HARRISON & BODELL LLP
11455 El Camino Real, Suite 480
San Diego, California 92130
Telephone: 858.461.4699
Facsimile:  858.461.4703

Allison H. Goddard, State Bar No. 211098
ali@pattersonlawgroup.com
PATTERSON LAW GROUP, APC
402 West Broadway, 29th Floor
San Diego, California 92101
Telephone: 619.398.4760
Facsimile:  619.756.6991

Class Counsel

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE JUHLINE, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>BEN BRIDGE-JEWELER, INC., a Washington corporation; and DOES 1 through 50, inclusive,<br><br>    Defendants | Case No. 11cv2906 GPC (NLS)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR APPROVAL OF CLASS NOTICE PLAN**<br><br>Date:       May 16, 2014<br>Time:      1:30 pm<br>Ctrm:      2D, Schwartz Courthouse |

**Case No. 11cv2906 GPC (NLS)**

**MEM. P. & A. ISO PLAINTIFF'S MOTION FOR APPROVAL OF CLASS NOTICE PLAN**

## I. INTRODUCTION AND FACTUAL BACKGROUND

The Court certified this case as a class action pursuant to Fed. R. Civ. P. 23(b)(3) on August 27, 2013. [ECF No. 35.] Prior to certification, Defendant filed a motion for summary judgment, which the Court denied. [ECF No. 12.] Plaintiff's Motion for Partial Summary Judgment is currently pending, and scheduled to be heard on April 18, 2014. [ECF No. 48.] Defendant provided Plaintiff with a list of class members on January 10, 2014.

Plaintiff now moves the Court to approve the following plan for providing notice of this action to class members:

1. A Summary Notice substantially in the form of Exhibit 1 will be sent by mail on a postcard to class members and posted at the point of sale in Defendant's California stores for 45 days.

2. If in-store notice is not practicable, the Summary Notice shall be published via a 1/6 page ad in *USA Today* or a comparable publication.

3. A Full Notice substantially in the form of Exhibit 2 will be posted on a website with an easily recognized address, such as www.benbridgezipcodeaction.com. The website shall remain accessible until the end of the litigation.

4. Class members will have 45 days after the Summary Notices are mailed to opt out of the class.

5. KCC, LLC, an experienced class action administrator, would handle the creation of the website and mailing of the Summary Notice. KCC would perform a national change of address update to the Class Member addresses provided by Defendant before mailing.

Plaintiff also asks the Court to shift the costs of sending the Summary Notice and creating the website to Defendant. The Court has already ruled on the merits of Plaintiff's claims under California Civil Code § 1747.08 by denying Defendant's Motion for Summary Judgment. Given this denial, it is appropriate for the Court to order Defendant to bear the costs of notifying the Class.

II. **PLAINTIFF'S PROPOSED NOTICE PLAN SATISFIES THE REQUIREMENTS OF RULE 23**

Rule 23(c)(2)(B) requires that the Court must direct "the best notice that is practicable under the circumstances" to any class certified under Rule 23(b)(3):

> The notice must clearly and concisely state in plain, easily understood language:
>
> (i) the nature of the action;
>
> (ii) the definition of the class certified;
>
> (iii) the class claims, issues, or defenses;
>
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
>
> (v) that the court will exclude from the class any member who requests exclusion;
>
> (vi) the time and manner for requesting exclusion; and
>
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). Plaintiff's proposed notice plan satisfies all of these requirements.

There are approximately 79,238 class members. (Goddard Decl. ¶ 2.) Defendant has provided Plaintiff with complete mailing addresses for approximately 66,023 of these class members. (*Id.* ¶ 2.) Plaintiff's notice plan provides for direct mail notice to each of these class members. Notice will be provided to all other class members either by posting the Summary Notice in Defendant's California stores, or by publication. The Full Notice will be available on a website accessible to Class Members.

A. **Direct Mail Notice to Class Members With Known Addresses Satisfies Due Process Requirements**

"Individual notice must be sent to all class members whose names and addresses may be ascertained through reasonable efforts." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). Plaintiff's notice plan satisfies this requirement through the mailing of a Summary Notice postcard to all class members for whom Defendant has a complete

mailing address. The Summary Notice includes all of the information required by Rule 23(c)(2)(B), and directs class members to a website where they can find the Full Notice, which contains further information regarding this action. (*See* Exs. 1, 2.)

### B. In-Store Notice or Publication to Class Members Without Known Addresses Satisfies Due Process Requirements

Notice by publication is routinely approved as the best notice practicable when the names and addresses of class members are unavailable. *See, e.g., Silber v. Mabon*, 18 F.3d 1449, 1453 (9th Cir. 1994) (using publication notice for unidentified class members). Publication notice should be tailored to make it as effective as possible for the class in question. *See Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1304 n.2 (9th Cir. 1990).

The in-store notice proposed by Plaintiff is tailored to reach class members where they are known to have encountered Defendant: at the point of sale in one of its California stores. *See* Fed. R. Civ. P. 23(c) adv. cmte. notes (2003) ("Informal methods may prove effective. A simple posting in a place visited by many class members, directing attention to a source of more detailed information, may suffice."). Courts have approved similar notice plans that including posting notice in a conspicuous place at a retail location. *See, e.g., Ersler v. Toshiba Am., Inc.*, CV-07-2304, 2009 U.S. Dist. LEXIS 14374, at *3 (E.D.N.Y Feb. 24, 2009) (form of notice included "distribution of the class notice for posting at retailers that sold the covered television models"); *In re Domestic Air Transp. Antitrust Litig.*, 141 F.R.D. 534, 550-51 (N.D. Ga. 1992) (recognizing line of cases where publication notice through posting is appropriate); *Galvan v. KDI Distrib.*, SACV 08-0999, 2011 U.S. Dist. LEXIS 127602, at *12-13 (C.D. Cal. Oct. 25, 2011) (suggesting that notice could be provided by posting at retail stores where the product at issue was sold); *Fiore v. Goodyear*, No. 2:09-cv-843, 2011 U.S. Dist. LEXIS 24371, at *11 (M.D. Fla. Mar. 10, 2011) (requiring notice to be posted "in a conspicuous place at each retail location where [class members] can see and review it"); *Todd v. Retail Concepts, Inc.*, No. 3:07-0788, 2008 U.S. Dist. LEXIS 117126, at *7 (M.D. Tenn. Aug.

22, 2008) (ordering notice "at or near the cash register" in each of defendant's stores in case where defendant was alleged to have recorded personal information in transaction receipts).

Alternatively, if in-store notice is not practicable, notice by publication in *USA Today* or a comparable publication could be used to notify class members with incomplete addresses of the pendency of this action. *See Six Mexican Workers*, 904 F.2d at 1304 n.2 (notice was achieved through combination of direct notice and publication in newspapers).

### III. DEFENDANT SHOULD BEAR THE COST OF CLASS NOTICE

Although the plaintiff usually bears the cost of notice, the Ninth Circuit has recognized that "a district court in an appropriate case may award interim costs to a plaintiff by shifting class notice costs to a defendant even if the defendant might later be entitled to recover those costs." *Hunt v. Imperial Merchant Servs., Inc.*, 560 F.3d 1137, 1144 (9th Cir. 2009). The key to shifting costs is a determination that the defendant is "liable on the merits." *Id.*

Here, the Court has already ruled against Defendant on the merits by denying Defendant's Motion for Summary Judgment. [ECF No. 12.] This is sufficient to shift the costs of notice to Defendant. *Id.* at 1143 (adopting the "general principle that 'interim litigation costs, including class notice costs, may be shifted to defendant after plaintiff's showing of some success on the merits, whether by preliminary injunction, partial summary judgment, or other procedure.'" (citations omitted)). If the Court grants Plaintiff's pending Motion for Partial Summary Judgment, that will provide further support for shifting the cost of notice to Defendant.

///
///
///
///
///

## IV. CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court approve his proposed notice plan, including the content of Exhibits 1 and 2 and the method of distribution described above. Plaintiff further requests that the Court shift the costs of notice to Defendant.

Dated: February 14, 2014                HARRISON BODELL LLP

                                        PATTERSON LAW GROUP, APC


                                        By: /s/ Allison H. Goddard

                                        Class Counsel

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all parties via CM/ECF on February 14, 2014.

/s/ Allison H. Goddard