1

2

3

4

5

6

7

8
UNITED STATES DISTRICT COURT

9
SOUTHERN DISTRICT OF CALIFORNIA

10

11
STEVE JUHLINE, individually and on
behalf of all others similarly situated,

12
                              Plaintiff,

13
v.

14
BEN BRIDGE-JEWELER, INC., a
Washington corporation,

15
                              Defendant.

16

Case No. 3:11-cv-2906-GPC-NLS

**ORDER:**

**(1) DEFERRING RULING ON
PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY
JUDGMENT, (ECF NO. 48);**

**(2) SETTING BRIEFING
SCHEDULES, (ECF NOS. 50, 51)**

17

18        In this certified class action, plaintiff Steve Juhline ("Plaintiff") alleges

19   defendant Ben Bridge-Jeweler, Inc.'s ("Defendant") practice of requesting and

20   recording the contact information of its customers who pay with a credit card violates

21   California's Song-Beverly Credit Card Act, California Civil Code section 1747.08

22   ("Credit Card Act").

23        Before the Court is Plaintiff's Motion for Partial Summary Judgment ("Plaintiff's

24   MSJ"), (ECF No. 48), which has been fully briefed, (ECF Nos. 52, 57).  Plaintiff's MSJ

25   is set for a hearing on April 18, 2014.  Also before the Court is Plaintiff's Motion for

26   Approval of Class Notice Plan ("Plaintiff's Notice Motion"), (ECF No. 50), and

27   Defendant's Motion to Decertify Class ("Defendant's Motion to Decertify"), (ECF No.

28   51).  Plaintiff's Notice Motion and Defendant's Motion to Decertify are set for a

hearing on May 16, 2014, and neither of these motions has been fully briefed.

In its Opposition to Plaintiff's MSJ, Defendant requests that the Court defer ruling on Plaintiff's MSJ until after the Court decides Defendant's Motion to Decertify and, if the Court denies Defendant's Motion to Decertify, then defer ruling on Plaintiff's MSJ until after the Court decides Plaintiff's Notice Motion.

"[D]istrict courts generally do not grant summary judgment on the merits of a class action until the class has been properly certified and <u>notified</u>." <u>Schwarzschild v. Tse</u>, 60 F.3d 293, 295 (9th Cir. 1995) (emphasis added). "Absent extraordinary circumstances, it is appropriate to postpone ruling on a plaintiff's motion for summary judgment until after class definition issues are settled, notice has been given, and the period for class members to exclude themselves has expired . . . ." <u>Gomez v. Rossi Concrete Inc.</u>, 2011 WL 666888, at *1 (S.D. Cal. Feb. 17, 2011) (Moskowitz, J.).

Citing the following cases, Plaintiff argues Defendant waived its right to ask the Court to defer ruling on Plaintiff's MSJ:  <u>Schwarzschild</u>, 69 F.3d at 295 ("[B]y <u>obtaining</u> summary judgment before the class has been certified and notice has been sent, the defendants waived any right to compel the plaintiff to notify the class of the pending action." (emphasis added)); <u>Wright v. Schock</u>, 742 F.2d 541, 544 (9th Cir. 1984) ("Where the defendant assumes the risk that summary judgment in his favor will have only stare decisis effect on the members of the putative class, it is within the discretion of the district court to rule on the [defendant's] summary judgment motion [before class certification].").

Here, Defendant unsuccessfully moved for summary judgment prior to class certification.  Thus, no findings of liability have been made.  Further, it is Plaintiff, not Defendant, that is moving for summary judgment as to the now-certified class.  As such, the circumstances in <u>Schwarzchild</u> and <u>Wright</u> in which a defendant was deemed to have waived its right to request deferral are not present here.  The certified class has not been notified, and Defendant has moved to decertify the class.  Other than delay, Plaintiff does not assert he or the Class will be prejudiced if the Court were to defer

ruling on Plaintiff's MSJ.  Given these facts, the Court, in its discretion, will defer ruling on Plaintiff's MSJ until class certification and notice issues have been resolved.

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's MSJ, (ECF No. 48), is **DENIED WITHOUT PREJUDICE**.  Plaintiff may re-file his MSJ after Defendant's Motion to Decertify has been decided and, if appropriate, after class notice has been provided, and the period for class members to exclude themselves has expired.  See Gomez, 2011 WL 666888, at *2 (denying without prejudice plaintiff's motion for summary judgment upon defendant's request to defer ruling until after class definition issues were settled, class notice was given, and time for class members to exclude themselves expired).  The hearing on Plaintiff's MSJ, currently set for April 18, 2014, is **VACATED**.

**IT IS FURTHER ORDERED** that the parties comply with the following **BRIEFING SCHEDULE** as to Plaintiff's Notice Motion, (ECF No. 50), and Defendant's Motion to Decertify, (ECF No. 51):  any response to these motions shall be filed on or before **April 25, 2014**, and any reply shall be filed on or before **May 2, 2014**.

DATED:  April 17, 2014

HON. GONZALO P. CURIEL
United States District Judge