# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE JUHLINE, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>BEN BRIDGE JEWELER, INC., a Washington corporation; and DOES 1 through 50, inclusive,<br><br>    Defendants | Case No. 11cv2906 GPC (NLS)<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT, DIRECTING NOTICE TO CLASS, AND SETTING FAIRNESS HEARING**<br><br>Hon. Gonzalo P. Curiel |

    WHEREAS, Steve Juhline, individually and in his representative capacity ("Plaintiff" or "Class Representative"), and Ben Bridge Jeweler, Inc. ("Defendant," and, collectively with Plaintiff, the "Parties") have reached a settlement of the above-captioned Action;

    WHEREAS, the Parties have applied to the Court for preliminary approval of the settlement on the terms and conditions set forth in the Settlement Agreement (the "Settlement").

    NOW, THEREFORE, the Court, having read and considered the Settlement Agreement and accompanying exhibits and the Motion For Preliminary Approval, and the Parties having consented to the entry of this order, it is hereby ORDERED, ADJUDGED and DECREED THAT:

    1.    The capitalized terms used in this Order have the same meaning as defined in the Settlement Agreement.

2. Subject to further consideration by the Court at the time of the Final Approval Hearing, the Court preliminarily approves the Settlement as fair, reasonable and adequate to the Settlement Class, having determined that the Settlement falls within the range of reasonableness meriting possible final approval and warrants submission to the Settlement Class Members for their consideration.

3. For settlement purposes only, the Court certifies the Settlement Class, which is defined as follows: "All Persons who, between August 30, 2010 and the date of Preliminary Approval of the Settlement, used a credit card to make a purchase at any Ben Bridge store in California and from whom Defendant requested and recorded personal identification information. Excluded from the Class are all Persons who (i) engaged in a transaction that involved appraisals, care plans, refunds, repairs, layaways, payments on Ben Bridge credit accounts, shipping, and special orders; (iii) opt-out of the Settlement Class in a timely and correct manner; (iv) Defendant, its subsidiaries, affiliates, successors, assigns, and all of its respective officers, directors, and employees; (v) counsel of record and their respective law firms; and (vi) any judicial officer to whom the Action is assigned."

4. For settlement purposes only, the Court finds that the numerosity, typicality, commonality, and adequacy requirements of Rule 23(a) of the Federal Rules of Civil Procedure are satisfied for the Class Representative and the Settlement Class, and that, in accordance with Rule 23(b), common issues of fact and law predominate and make certification of the Settlement Class superior to other available methods of adjudication.

5. For settlement purposes only, the Court finds that the Class Representative and Class Counsel fairly and adequately represent and protect the interests of the absent Settlement Class Members in accordance with Federal Rule of Civil Procedure 23.

6. KCC, LLC, is appointed as the Settlement Administrator. The Settlement Administrator shall administer the Settlement in accordance with the terms set forth in the Settlement Agreement and perform the functions set forth therein. The Court finds that the Notice Plan, as set forth in Part III of the Settlement Agreement, including the form and content of the Mail Notice and Email Notice substantially in the form attached to the Settlement Agreement as Exhibits C and D, constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons within the Settlement Class of (i) the pendency and nature of the Action; (ii) certification of the Settlement Class; (iii) the claims, issues and defenses in the Action; (iv) that a Settlement Class Member may enter an appearance through an attorney; (v) the terms of the Settlement Agreement; (vi) the right of Persons within the Settlement Class to exclude themselves from the Settlement Class and the time and manner for requesting exclusion; (vii) the binding effect of any judgment, whether favorable or not, on Persons within the Settlement Class who do not request to be excluded; (viii) the Final Approval Hearing; and (ix) the right of Persons within the Settlement Class who do not request to be excluded to object to the Settlement, the award of attorneys' fees, costs and expenses and/or payment of an incentive award, consistent with the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law. The Parties, by agreement, may revise the notices and other exhibits to the Settlement Agreement in ways that are not material.

7. Pursuant to the Notice Plan:

(a) Within thirty (30) days of the Court's entry of this Order, Defendant shall compile the Settlement Class List using the Settlement Class Search Methodology and provide the Settlement Class List to the Settlement Administrator.

(b) Within thirty (30) days of the date Defendant compiles the Settlement Class List, the Settlement Administrator shall mail the Mail Notice, substantially in the form attached hereto as Exhibit C, and Merchandise Certificate by first-class U.S. mail to all Persons on the Settlement Class List for whom Defendant has a valid mailing address. If returned, the Settlement Administrator shall mail the Mail Notice to any forwarding address on the return notice. There shall be no further obligation to mail the Mail Notice and Merchandise Certificate.

(c) Within thirty (30) days of the date Defendant compiles the Settlement Class List, the Settlement Administrator shall email the Email Notice, substantially in the form attached hereto as Exhibit D, to all Persons on the Settlement Class List for whom Defendant has a valid email address, but does not have a valid mailing address. The email shall contain a link to the settlement website.

8. Any Person in the Settlement Class who wishes to be excluded from the Settlement Class must submit a timely and valid Request for Exclusion to the Settlement Administrator, pursuant to the instructions set forth in the Settlement Class Notice, postmarked at least twenty-one (21) days prior to the date set by the Court for the Final Approval Hearing. At least fourteen (14) days prior to the date set by the Court for the Final Approval Hearing, the Settlement Administrator shall file with the Court, and serve on Class Counsel and Defendant's Counsel, a report identifying the names, addresses and telephone numbers of all Persons who filed timely and valid Requests for Exclusion from the Settlement Class.

9. Any Person within the Settlement Class who submits a timely and valid Request for Exclusion shall not be bound by the Settlement Agreement, shall not be entitled to share in the benefits of the Settlement, and shall not be bound by the Final Order and Judgment.

10. Any Settlement Class Member who wishes to object to the Settlement or the applications for attorneys' fees, costs and expenses and/or an incentive award must file with the Court, and serve upon Class Counsel and Defendant's Counsel, a written objection, pursuant to the instructions set forth in the Settlement Class Notice, at least twenty-one (21) days before the date set by the Court for the Final Approval Hearing. Objections not filed and served in accordance with this paragraph shall not be received or considered by the Court. Settlement Class Members who do not timely file and serve a written objection in accordance with this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement or to appeal the Final Order and Judgment.

11. Any Settlement Class Member who wishes to appear and be heard at the Final Approval Hearing, either personally or through an attorney retained at the Settlement Class Member's own expense, must provide written notice of his, her, or its intention to appear as part of the objection filed and served pursuant to Paragraph 9 of this Order. Settlement Class Members who do not timely file and serve a written notice of intention to appear in accordance with this Paragraph shall not be permitted to appear at the Final Approval Hearing, except as permitted by the Court for good cause shown, nor to file any appeal from any orders entered.

12. Service of all papers on counsel for the Parties shall be made as follows: for Class Counsel, to: Daniel D. Bodell, Harrison & Bodell LLP, 11455 El Camino Real, Suite 480, San Diego, California 92130; for Defendant's Counsel, to: Rosemarie Ring, Munger, Tolles & Olson LLP, 560 Mission St., 27th Floor, San Francisco, California, 94105.

13. A Final Approval Hearing shall be held before this Court at 1:30 p.m. on April 24, 2015 in Courtroom 2D of the Schwartz Courthouse of the United States District Court for the Southern District of California, located at 221 West Broadway, San Diego,

California, 92101 to, *inter alia*: (i) determine whether to grant final approval to the Settlement and enter the Final Order and Judgment approving the Settlement and dismissing the Action with prejudice; (ii) consider any timely objections to the Settlement and the Parties' responses to such objections; and (iii) rule on Class Counsel's applications for attorneys' fees, costs and expenses and for an incentive award. Class Counsel will file a motion for attorneys' fees, costs, and expenses no less than thirty-five (35) days before the Final Approval Hearing, and the motion will be posted on the settlement website.

14. With the exception of such proceedings as are necessary to implement, effectuate, and grant final approval to the terms of the Settlement Agreement, all proceedings are stayed in this Action and all Settlement Class Members are enjoined from commencing or continuing any action or proceeding in any court or tribunal asserting any claims released under the Settlement Agreement, unless the Settlement Class Member timely files a valid Request for Exclusion as defined as the Settlement Agreement.

15. If the Effective Date does not occur, or if this Settlement Agreement is terminated for any reason, then:

(a) The Settlement Agreement shall become null and void and shall have no further force or effect;

(b) The Settlement Agreement and all related negotiations, statements, documents and court proceedings shall be without prejudice to the rights of the Parties, which shall be restored to their status immediately prior to the execution of the Settlement Agreement. The Parties expressly reserve all arguments, defenses and motions as to all claims that have been asserted or may be asserted in the future, including, without limitation, arguments opposing maintenance of this Action as a class action; and

(c) All orders of this Court entered after execution of this Settlement Agreement will be deemed to be, and by operation of the Final Order and Judgment shall be, null and void and vacated, *nunc pro tunc* and *ab initio*, and the Action shall proceed as if the Settlement Agreement had neither been entered into nor filed with the Court.

16. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class Members. The Final Approval Hearing may, from time to time and without further notice to the Settlement Class Members, be continued by order of the Court.

**IT IS SO ORDERED.**

Date: December 19, 2014

HON. GONZALO P. CURIEL
UNITED STATES DISTRICT JUDGE