Harry W. Harrison, State Bar No. 211141
Daniel D. Bodell, State Bar No. 208889
HARRISON & BODELL LLP
402 West Broadway, 29th Floor
San Diego, CA  92101
Telephone:  (619) 756-6990
Facsimile:   (619) 756-6991

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE JUHLINE, individually; on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> BEN BRIDGE-JEWELER, Inc., a Washington Corporation; and DOES 1 through 50 inclusive, <br><br> Defendants. | CASE NO.: 11cv2906 WQH (NLS) <br><br> **CLASS ACTION** <br><br> **SECOND AMENDED COMPLAINT FOR VIOLATIONS OF CALIFORNIA CIVIL CODE §1747.08 [SONG-BEVERLY CREDIT CARD ACT OF 1971]** <br><br> JURY TRIAL DEMANDED |

Plaintiff Steve Juhline, on behalf of himself and all others similarly situated, complains and alleges upon information and belief based, among other things, upon the investigation made by Plaintiff by and through his attorneys, as follows:

## I.

## INTRODUCTION

1.     California Civil Code section 1747.08 generally states that when a merchant is engaged in a retail transaction with a customer, the merchant may neither (1) request a telephone number and/or address from a customer paying for goods with a credit card, and then record that telephone number and/or address

HARRISON & BODELL LLP
402 West Broadway, 29th Floor
San Diego, CA 92101

upon the credit card transaction form or otherwise; nor (2) utilize, in any credit card transaction, a credit card form which contains preprinted spaces specifically designated for filling in the telephone number and/or address of the cardholder.[1]

2.    Defendant operates businesses in San Diego, California, under the name Ben Bridge.

3.    Defendant is engaged in a pattern of unfair, unlawful and deceptive business practices requesting and recording address information during the point-of-sale process at Defendant's retail locations.

4.    Defendant has violated California Civil Code section 1747.08(a)(3) by and through Defendant's requesting and recording of address information from its customers.

## II.

## JURISDICTION AND VENUE

5.    Defendant does business in the State of California, and in the County of San Diego.  Defendant has accepted credit cards for the transaction of business in the County of San Diego, which has caused both obligations and liabilities of Defendant to arise in the County of San Diego.  Plaintiff Steve Juhline resides in the County of San Diego.

---

[1]

California Civil Code section 1747.08 states in relevant part:

"(a) Except as provided in subdivision (c), no person, firm, partnership, association, or corporation which accepts credit cards for the transaction of business shall do either of the following:

(2) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise.

(3) Utilize, in any credit card transaction, a credit card form which contains preprinted spaces specifically designated for filling in any personal identification information of the cardholder.

(b) For purposes of this section 'personal identification information,' means information concerning the cardholder, other than information set forth on the credit card, and including, but not limited to, the cardholder's address and telephone number."

HARRISON & BODELL LLP
402 West Broadway, 29th Floor
San Diego, CA 92101

1    6.      The amount in controversy exceeds the jurisdictional minimum of this

2    Court.

### III.

### THE PARTIES

#### A.    Plaintiffs

7.     Plaintiff Steve Juhline (herein referred to as "Plaintiff") is a resident of San Diego, California.

8.    Plaintiff brings this lawsuit on behalf of an ascertainable class consisting of all Persons who, between August 30, 2010 and December 19, 2014, used a credit card to make a purchase at any Ben Bridge store in California and from whom Defendant requested and recorded personal identification information (the "Class"). Excluded from the Class are all Persons who (i) engaged in a transaction that involved appraisals, care plans, refunds, repairs, layaways, payments on Ben Bridge credit accounts, shipping, and special orders; (ii) opt-out of the Settlement in a timely and correct manner; (iii) Defendant, its subsidiaries, affiliates, successors, assigns, and all of its respective officers, directors, and employees; (iv) counsel of record and their respective law firms; and (v) any judicial officer to whom the Action is assigned.

#### B.    Defendant

9.    Defendant Ben Bridge-Jeweler, Inc. (hereinafter referred to as "Defendant") is a Washington corporation, with a principal place of business in California given the number of retail locations it operates in this State, including San Diego County.

#### C.    Doe Defendants

10.    Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as DOES 1 through 50, inclusive, and the nature of their wrongful conduct, and therefore sues these DOE Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege their true

*HARRISON & BODELL LLP*
*402 West Broadway, 29th Floor*
*San Diego, CA 92101*

names and capacities when ascertained.

### D.   Agency/Aiding and Abetting

11.     At all times herein mentioned, Defendants, and each of them, were an agent or joint venturer of each of the other Defendants, and in doing the acts alleged herein, were active within the course and scope of such agency.  Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-defendant, and/or retained the benefits of said wrongful acts.

12.     Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiff and the class, as alleged herein.  In taking action, as particularized herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of his/her/its primary wrongful conduct, wrongful goals, and wrongdoing.

### IV.

### CONDUCT GIVING RISE TO VIOLATIONS OF THE LAW

### A.   Plaintiff's Contact with Defendant

13.     Within the last 12 months, Plaintiff went to one of Defendant's Ben Bridge-Jeweler, Inc.'s store in San Diego, California.

14.     At the conclusion of his experience at Defendant's store, Plaintiff opted to pay using his credit card.

15.     After providing his credit card as tender, Plaintiff was asked to provide his full address to complete the transaction, which information was recorded.  Plaintiff then completed the credit card transaction.

/ / /

/ / /

HARRISON & BODELL LLP
402 West Broadway, 29th Floor
San Diego, CA 92101

# V.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

16.     This lawsuit is brought on behalf of an ascertainable statewide class consisting of all persons in California from whom Ben Bridge requested and recorded personal identification information in conjunction with a credit card transaction in California from one year prior to the filing of this Complaint through the date of trial in this action (the "Class").  Excluded from the Class is Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, any entity in which Defendant has a controlling interest, and the legal representatives, successors or assigns or any such excluded persons or entities, and the attorneys for Plaintiff in this action.

17.     The members of the Class are so numerous that joinder of all members is impracticable.  While the exact number of Purchase Class members is unknown to Plaintiff at this time, such information can be ascertained through appropriate discovery, from records maintained by Defendant and its agents.

18.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable, the likelihood of individual Class members prosecuting separate claims is remote and individual Class members do not have a significant interest in individually controlling the prosecution of separate actions.  Relief concerning Plaintiff's rights under the laws alleged herein and with respect to the Class as a whole would be appropriate.  Plaintiff knows of no difficulty to be encountered in the management of this action which would preclude its maintenance as a class action.

19.     There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiff's claims are typical of the members of the Class, and Plaintiff can fairly and adequately represent the interests of the Class.

SECOND AMENDED CLASS ACTION COMPLAINT

20.     Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class.  Among the questions of law and fact common to the Class are:

a.     whether each Class member engaged in a credit card transaction with Defendant;

b.     whether Defendant requested and recorded address or other personal information during credit card transactions with Class members; and

c.     whether Defendant's conduct violates California Civil Code section 1747.08(a)(3).

21.     Plaintiff's claims are typical of those of the other Class members because Plaintiff, like every other Class member, was exposed to virtually identical conduct and is entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to California Civil Code section 1747.08(e).

22.     Plaintiff can fairly and adequately represent the interests of the Class, he has no conflicts of interest with other Class members, and has retained counsel competent and experienced in class action and civil litigation.

23.     The amount in controversy does not exceed $74,999.99 as to Plaintiff or any other individual Class member.

## CAUSE OF ACTION FOR VIOLATIONS
## OF CALIFORNIA CIVIL CODE § 1747.08

24.     Plaintiff refers to and incorporates by reference as though set forth fully herein paragraphs 1 through 23 of this Complaint.

25.     California Civil Code section 1747.08 prohibits any person, firm, partnership, association, or corporation, which accepts credit cards for the transaction of business, from requesting and recording a telephone number and/or address from a customer paying for goods with a credit card.

26.     Defendant is a corporation that accepts credit cards for the transaction of business.

HARRISON & BODELL LLP
402 West Broadway, 29th Floor
San Diego, CA 92101

27.     During credit card transactions entered into at each of Defendant's stores on each and every day during the one-year period preceding the filing of the class action complaint in this action, Defendant in each and every credit card transaction entered into with Plaintiff and the Class, requested and recorded a telephone number and/or address in violation of California Civil Code section 1747.08(a)(3).

28.     It is and was Defendant's routine business practice to intentionally engage in the conduct described in this cause of action with respect to Plaintiff and every member of the Class who entered into a credit card transaction at any of Defendant's stores in the State of California.

29.     Due to Defendant's violations as set forth herein, Plaintiffs and the Class are entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to California Civil Code section 1747.08(e).

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

## **PRAYER FOR RELIEF**

 PLAINTIFF AND THE CLASS PRAY for judgment against Defendant as follows:

1.     That the Court award to Plaintiff and to each member of the Class the civil penalty to which he or she is entitled under California Civil Code section 1747.08(e);

2.     For distribution of any moneys recovered on behalf of the Class of similarly situated consumers or the general public via fluid recovery or *cy pres* recovery where necessary to prevent Defendant from retaining the benefits of its wrongful conduct;

3.     That the Court preliminarily and permanently enjoin Defendant from further violating California Civil Code section 1747.08(a)(3);

4.     That the Court certifies this action as a class action;

/ / /

HARRISON & BODELL LLP
402 West Broadway, 29th Floor
San Diego, CA 92101

5.    For an award of attorneys' fees as authorized by statute including, but not limited to, the provisions of California Code of Civil Procedure § 1021.5, and as authorized under the "common fund" doctrine;

6.    For costs of the suit;

7.    For prejudgment interest at the legal rate;

8.    And for such other relief as the Court may deem proper.

DATED:  February 5, 2015                    HARRISON & BODELL LLP

By: */s/ Daniel D. Bodell*
Harry W. Harrison
Daniel D. Bodell
Attorneys for Plaintiff and the Class

HARRISON & BODELL LLP
402 West Broadway, 29th Floor
San Diego, CA 92101

## <u>CERTIFICATE OF SERVICE</u>

     The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all parties via CM/ECF on February 5, 2015.


                  /s/     Daniel Bodell

HARRISON & BODELL LLP
402 West Broadway, 29th Floor
San Diego, CA 92101

SECOND AMENDED CLASS ACTION COMPLAINT

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is HARRISON & BODELL, LLP 11455 El Camino Real, Suite 480, San Diego, California 92130.   On February 5, 2015, I served the within documents:

- SECOND AMENDED COMPLAINT FOR VIOLATIONS OF CALIFORNIA CIVIL CODE §1747.08 [SONG-BEVERLY CREDIT CARD ACT OF 1971]

**Service List**

**Rosemarie T. Ring (State Bar No. 220769)**
rose.ring@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:  (415) 512-4000
Facsimile: (415) 512-4077
Attorneys for Defendant BEN BRIDGE JEWELER, INC.

**Allison H. Goddard**
PATTERSON LAW GROUP, APC
402 West Broadway, 29th Floor
San Diego, CA  92101
Telephone: (619) 398-4760
Email:  ali@pattersonlawgroup.com
Attorneys for Plaintiff STEVE JUHLINE, on behalf of himself and all others similarly situated

**BY CM/ECF NOTICE OF ELECTRONIC FILING**:  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 5, 2015, at San Diego, California.

_____
Debbie Aubele

SECOND AMENDED CLASS ACTION COMPLAINT