NUNC PRO TUNC
4/6/15



Erika A. Kron
56 Platinum Circle
Ladera Ranch, California 92694-1348
Telephone 949-337-0285
April 1, 2015

**United States District Court**
**Southern District of California**
333 West Broadway, Suite 420
San Diego, CA 92101

**Class Counsel:**

Daniel D. Bodell
HARRISON & BODELL LLP
1455 El Camino Real, Suite 480
San Diego, California 92130

**Defense Counsel:**

Rosemarie T. Ring
MUNGER TOLLES & OLSON
560 Mission Street, 27th Floor
San Francisco, CA 94105

**Re:** Objection to Settlement in Steve Juhline v. Ben Bridge Jeweler, Inc.; Case No. 11-cv-2906 GPC (NLS)

Dear Court and Counsel:

 Per the notice I received in the mail attached to this letter I am a class member of this case. I object to the proposed settlement as follows:

 The Settlement Relief is unfair, unreasonable, and inadequate. The Settlement provides Class Members with a $55 "merchandise certificate" —better known as a coupon. Coupon settlements are disfavored by courts because, as in this case, the coupons have little to no value to the Class and are an inadequate remedy to redress past harms. No reason has been given as to why coupons, instead of cash, are the sole relief for Class Members. Defendant is a high-end jeweler; a small fraction of its products may be purchased for $55 without spending additional money out-of-pocket. Defendant allegedly wrongfully collected personal information from the Class; yet, in order to recover the Settlement benefits, Class Members are compelled to conduct business with Ben Bridge. The coupons here "may not be redeemed for cash or gift cards, or be used to make payments on Ben Bridge credit accounts or purchase appraisals, repairs, or other services and service-related products." The coupon also expires after nine months. The coupon has no guaranteed cash value that gives class members some benefit in relation to their actual damages. In fact, the coupons result in a windfall for Defendant because it rewards Ben Bridge

with new sales from its victims: the Class. Class Members may not want to do business with Defendant and use the coupons, they may want to convert their coupon into cash by redemption. Here, a Class Member can only transfer a coupon to someone else. The court should take a close look at whether Defendant will realize any direct or indirect benefits from the distribution of the coupons. If so, the value of the Settlement is negligible and the court should reject the Settlement. In sum, the Relief is unfair, unreasonable, and inadequate and the settlement will result in a windfall for Defendant.

The Court should not confuse the lack of objections or exclusions with Class approval. The Settlement Administrator distributed the coupons with the notice. It is understandable if some Class Members lack the incentive to review the settlement for fairness when their "benefit" is in their hand.

The Settlement Release is overbroad and unfair. The Release is includes all claims whatsoever and is not limited to the specific timeframe of the Class definition or the collection of personal information. After the period following "Settlement Class Member" at the end of page nine of the Settlement Agreement, the Court should add, "between August 30, 2010, and December 19, 2014 relating to the collection of personal information by the Released Persons."

The Settlement Value is inflated by the coupon value and the attorney's fees are excessive and unreasonable as a result. Class Counsel has not supported its fee request. If the Court approves the Settlement, the Court should not award fees until the following information, which is critical to evaluating settlement fairness and reasonableness, is provided: (1) the Settlement's true cash value; (2) the redemption rate of the coupons; and (3) post-settlement tracking of how many Class Members actually redeemed their coupons; and (4) how much money was spent out-of-pocket by Class Members in order to redeem their coupons. The Court should be tied the fee award to the value of the redeemed coupons.

The named plaintiff incentive award is excessive and unfair to the Class. If class representatives and their counsel routinely expect the Court to award thousands of dollars in awards on top of their share of the recovery, they may be tempted to accept suboptimal settlements at the expense of the class members whose interests they are appointed to guard. The Settlement provides $5,000 in cash to the named plaintiff while the average Class Member receives a coupon. If the Class receives coupons, the Court should consider the possibility of providing coupons to the named plaintiff in lieu of cash. The Court should reduce the amount the named plaintiff receives as an incentive award and substitute coupons instead of cash.

My attorney is in the process of being admitted to this court and as a courtesy am including his contact information: Matthew Kurilich, 17321 Irvine BLVD, Suite 115, Tustin, CA 92780; 714-734-3715.

Sincerely,

Erika A. Kron

## CLASS ACTION SETTLEMENT NOTICE

*A federal court authorized this Notice.*

*Read this Notice carefully.*

*Your legal rights may be affected.*

You received this notice because Ben Bridge Jeweler, Inc.'s records indicate you are entitled to benefits under the Settlement in a class action lawsuit filed against Ben Bridge. Settlement Class Members are entitled to a **$55.00 merchandise certificate** for use in Ben Bridge stores in California. For complete information about the Settlement, including about all of your rights and options, go to www.benbridgesettlement.com or call the Settlement Administrator at 1-877-695-7505.

*Juhline v Ben Bridge Jeweler*
Settlement Administrator
P.O. Box 43342
Providence, RI 02940-3342

PRESORTED
FIRST-CLASS
MAIL
U.S. POSTAGE
PAID
COMPUTERSHARE

Postal Service: Please do not mark barcode

Control#: BBJ-00024587-24420
ERIKA A KRON
56 PLATINUM CIR
LADERA RANCH, CA 92694-1348

BBJsp1 92694

231632_DOM/033202/033202/i

---

A Settlement has been preliminarily approved by the Court in a class action lawsuit alleging that Ben Bridge Jeweler, Inc. violated California Civil Code § 1747.08 by requesting and recording personal identification information from customers who paid for merchandise with a credit card at retail stores in California. Ben Bridge denies any and all wrongdoing. Both sides agreed to settle the lawsuit to avoid the cost, delay, and uncertainty of litigation. This Settlement provides a monetary benefit to Settlement Class Members in the form of a **$55.00 merchandise certificate**. The Settlement Class is defined as: All Persons who, between 8/30/10 and 12/19/14, used a credit card to make a purchase at a Ben Bridge store in California and from whom Defendant requested and recorded personal identification information. For a complete definition of the class, go to www.benbridgesettlement.com. Unless you exclude yourself, you will be a Settlement Class Member, and if the settlement is approved, you will be bound by it and release claims against Released Persons, as defined in the Settlement Agreement (accessible at www.benbridgesettlement.com). To exclude yourself, you must mail a signed, written request to be excluded from *Juhline v. Ben Bridge Jeweler*, with your name, address, and phone number, postmarked by **April 3, 2015**, to *Juhline v. Ben Bridge Jeweler* Settlement Administrator, P.O. Box 43342, Providence, RI 02940-3342. If you do not exclude yourself, you or your lawyer have the right to object to the settlement, Class Counsel's request for attorneys' fees, and/or the incentive award payable to Class Representative Steve Juhline, by mailing objections, in writing, to: Daniel Bodell, 11455 El Camino Real, Suite 480, San Diego, CA 92130, and Rosemarie Ring, 560 Mission St., 27th Floor, San Francisco, CA 94105, and filing the objections with the Clerk of the Court at 333 West Broadway Street, Suite 420, San Diego, CA 92101, by **April 3, 2015**. The Court scheduled a Final Approval Hearing on **April 24, 2015 at 1:30 p.m.** at the U.S. District Court, Southern District of California, in Courtroom 2D of the Schwartz Courthouse, 221 West Broadway, San Diego, CA, 92101. You do not need to attend the hearing unless you wish to object in person, which is required to preserve your right to appeal the Settlement or award of attorney's fees.

---

**$55**                  **MERCHANDISE CERTIFICATE**                 **$55**

For Use in Ben Bridge Stores in California Only. This certificate will be valid and usable for nine (9) months starting on the date the settlement becomes effective, which is expected after April 24, 2015. Ben Bridge has no obligation to notify you of the first and last date you may use your certificate; check www.benbridgesettlement.com or call or visit a Ben Bridge store. You may use this certificate to purchase merchandise only (excluding services such as repairs or appraisals, and service-related products). This certificate is fully transferable and subject to the following conditions: (1) it may not be redeemed in any part for cash, gift cards, or to make Ben Bridge credit account payments, (2) it must be redeemed in a single transaction, during which the certificate must be surrendered, and any portion not used forfeited, (3) it expires 9 months after the settlement becomes effective, and (4) the limit is one certificate per customer per purchase.

Associates: Ring as PLU 11393030    *Ben Bridge*    Unique Coupon Code: 34935

**$55**                                                                                       **$55**