1  Harry W. Harrison, State Bar No. 211141
   Daniel D. Bodell, State Bar No. 208889
2  HARRISON & BODELL LLP
   11455 El Camino Real, Suite 480
3  San Diego, CA  92130
   Telephone:  (858) 461-4699
4  Facsimile:   (858) 461-4703

5  Allison H. Goddard
   PATTERSON LAW GROUP, APC
6  402 West Broadway, 29th Floor
   San Diego, CA  92101
7  Telephone: (619) 398-4760

8  Attorneys for Plaintiff and the Class

9              **UNITED STATES DISTRICT COURT**

10            **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 11  STEVE JUHLINE, individually; on behalf of himself and all others similarly situated, | CASE NO.: 11cv2906 WQH (NLS) |
| 12  | **CLASS ACTION** |
| 13                          Plaintiffs, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |
| 14  vs. | |
| 15  BEN BRIDGE-JEWELER, Inc., a Washington Corporation; and DOES 1 through 50 inclusive, | |
| 16  | Date:  April 24, 2015 |
| 17                          Defendants. | Time: 1:30 P.M. Courtroom: 2D Judge: Hon. Gonzalo P Curiel |
| 18  | **JURY TRIAL DEMANDED** |

11455 El Camino Real
Suite 480
San Diego, CA 92130
HARRISON & BODELL LLP

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT

HARRISON & BODELL LLP
11455 El Camino Real
Suite 480
San Diego, CA 92130

TABLE OF CONTENTS

I.      INTRODUCTION AND BACKGROUND…………………………………………1

II.     LITIGATION AND SETTLEMENT……………………………………………1

        A.      Procedural History……………………………………………………1

        B.      Discovery and Settlement Negotiations…………………………………3

III.    THE PROPOSED SETTLEMENT…………………………………………3

        A.      Class Benefits……………………………………………………3

        B.      Notice of the Settlement to Class Members…………………………………...4

                1.      Direct Mail Notice…………………………………………………...5

                2.      Direct Email Notice…………………………………………………5

                3.      Website Notice…………………………………………………5

        C.      Objections to and Exclusions from the Settlement……………………………6

        D.      Attorneys' Fees, Costs and Incentive Fee Award………………………………6

IV.     ARGUMENT…………………………………………………6

        A.      The Court Should Approve the Proposed Settlement Because a Class Exists,
                and the Proposed Settlement is Fair, Adequate, and Reasonable……………………6

                1.      A Class Exists Satisfying the First Prong of the Settlement
                        Approval Analysis..........................................................7

                        a.      *Numerosity*…………………………………………………7

                        b.      *Commonality*…………………………………………………7

                        c.      *Typicality*…………………………………………………8

                        d.      *Adequacy of Representation*………………………………………8

                        e.      *Common Questions Predominate*…………………………………9

                2.      The Proposed Settlement is Fair, Adequate, and Reasonable……………9

                        a.      *The strength of Plaintiff's case and the risk, expense,*
                                *complexity, and likely duration of further litigation*…………….10

                        b.      *The amount or type of relief offered in Settlement*……………….12

TABLE OF CONTENTS

c.      *The stage of litigation*…………………………………………13

d.      *The experience and views of Class Counsel*……………………13

e.      *The presence of a governmental participant*……………………13

f.      *The reaction of the Class Members*……………………………...14

g.      *Lack of collusion between the Parties*…………………………...14

B.      The Class Received Adequate Notice of the Settlement…………………….....14

V.      THE SOLE OBJECTION TO THE SETTLEMENT IS PROPERLY STRICKEN……..15

A.      The Objection Is Procedurally Flawed……………………………………..…15

B.      The Objection Was Not Made for the Benefit of the Class……………………16

C.      The Objection Does Not Raise Any Legitimate Issues Regarding the Merits of the Settlement…………………………………………………17

1.      The Settlement Does Not Provide for a "Coupon" to the Class…17

2.      The Scope of the Release Is Appropriate.....................................19

3.      The Incentive Compensation and Attorneys' Fees Are Appropriate………………………………………………………20

D.      If the Court Were Inclined to Consider the Objection, the Objector Should Be Deposed.....................................................................................21

VI.     CONCLUSION…………………………………………………………..21

HARRISON & BODELL LLP
11455 El Camino Real
Suite 480
San Diego, CA 92130

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## **TABLE OF AUTHORITIES**

2

**Federal Cases**

3

*Brook v. Children's Place Retail Stores, Inc.*
    *(N.D. Cal. Dec. 4, 2013) No. C 11-837 CW, 2013 WL 6326487*.................................13, 18, 19

4

*Browning v. Yahoo! Inc.,*
    *2007 WL 4105871, at *5 (N.D. Cal. Nov. 16, 2007)*…………………………………………18

5

*Cf. Young v. Polo Retail, LLC,*
    *No. C 02 4546 VRW, 2007 WL 951821, at *4 (N.D. Cal. Mar. 28, 2007)*……..……………18

6

7

*Chaikin v. Lululemon USA*
    *(S.D. Cal. Mar. 17, 2014), 12–CV–02481–GPC, 2014 WL 1245461*………………12, 17, 19

8

*City of Detroit v. Grinnell Corporation,*
    *495 F.2d 448 (2nd Cir. 1974)*…………….....................................................10

9

10

*Ellis v. Naval Air Rework Facility,*
    *87 F.R.D. 15 (N.D. Cal. 1980)*…………………………………………………….......…10

11

*Ferrington v. McAfee, Inc., Order Granting Attorneys' Fees,*
    *Docket No. 166 at 8:15-9:22 (N.D. Cal., July 22, 2013)*…………………………………18

12

*Foos v. Ann, Inc.*
    *(S.D. Cal. Sept. 24, 2013) No. 11-CV-2794 L MDD, 2013 WL 5352969*………………13, 19

13

14

*Hanlon v. Chrysler Corp.,*
    *150 F.3d 1011 (9th Cir. 1998)*………......................................................8, 9

15

*Hanon v. Dataproducts Corp.,*
    *976 F.2d 497 (9th Cir. 1992)*..............................................................8

16

17

*In re Bisphenol-A (BPA) Polycarbonate Plastic Products Liability Litig.,*
    *2011 WL 1790603, at *3 (W.D. Missouri, May 10, 2011)*………………………………18

18

19

*In re Cathode Ray Tube (CRT) Antitrust Litig.,*
    *281 F.R.D. 531 (N.D. Cal. 2012)*……………………………………………………21

20

*In re Checking Account Overdraft Litig.,*
    *830 F. Supp. 2d 1330, 1362 n.30 (S.D. Fla. 2011)*.......................................16

21

22

*In re Corrugated Container Antitrust Litig.,*
    *643 F.2d 195 (5th Cir. 1981)*……………………………………………………12

23

*In re Easysaver Rewards Litig.*
    *2013 WL 435032, at *5 (S.D. Cal. Feb. 4, 2013)*………………………………………13

24

25

*In re Static Random Access Memory (SRAM) Antitrust Litig.,*
    *MDL No. 1819, Dkt. 1393 (N.D. Cal.; Order filed 9/23/2011).]*………………………21

26

*In re TFT-LCD (Flat Panel) Antitrust Litigation*,
    *MDL No. 1827, Dkt. 7011 (N.D. Cal.; Order filed 10/19/2012)*……………………21

27

28

HARRISON & BODELL LLP
11455 El Camino Real
Suite 480
San Diego, CA 92130

*Jordan v. County of Los Angeles,*
   669 F.2d 1311 (9th Cir. 1982)…………….........……………………………….7

*Lerwill v. Inflight Motion Pictures, Inc.,*
   582 F.2d 507 (9th Cir. 1978)………………..............………………………….8

*Linney v. Cellular Alaska P'ship,*
   151 F.3d 1234 (9th Cir. 1998)……..…................……………………….10, 12, 13

*Main v. Wal-Mart Stores, Inc.,*
   Case No. 3:11-cv-01919-JSW (N.D. Cal. May 24, 2013)………..…..……………18

*Mercury Interactive Corp. Secs. Litig. v. Mercury Interactive Corp.*
   (9th Cir. Cal. Aug. 18, 2010)……………………………………………...20

*Morales v. Stevco, Inc.,*
   2012 U.S. Dist. LEXIS 68640 (E.D. Cal. 2012)..........…………………………6, 7

*Mullane v. Cent. Hanover Bank & Trust Co.,*
   339 U.S. 306 (1950)...........………………………………………………….4

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.,*
   221 F.R.D. 523 (C.D. Cal. 2004)……………..……………………………….6

*Palamara v. Kings Family Restaurants,*
   No. 07-317, 2008 WL 1818453, at *1 (W.D. Pa. Apr. 22, 2008)……………………19

*Reibstein v. Rite Aid, Corp.*
   761 F.Supp.2d 246 (E.D. Pa. 2011).........………………………………………18

*Rodriguez v. West Publ'g Corp.,*
   563 F .3d 948 (9th Cir. 2009)……….…................…………………………..9

*Schwartz v. Harp,*
   108 F.R.D. 279 (C.D. Cal. 1985)……………..……………………………….8

*Seebrook v. The Children's Place Retail Stores, Inc.,*
   Case No. 11-cv-00837 (N.D. Cal. June 19, 2013)……..…………………12, 18, 19

*Silber* v. *Maborn,*
   18 F.3d 1449 (9th Cir. 1994)……………..……………………………….4

*Simon v. Toshiba Am.,*
   No. C 07-06202 MHP 2010 WL 1757956, at *3 (N.D. Cal. Apr. 30, 2010)…..…………19

*Staton* v. *Boeing Co.,*
   327 F.3d 938 (9th Cir. 2003)……………..……………………………….6

*Torrisi* v. *Tucson Elec. Power Co.,*
   8 F.3d 1370 (9th Cir. 1993)……………..……………………………….10

*Wal-Mart Stores, Inc. v. Dukes,*
   131 S. Ct. 2541(2011)………………..............…………………………….7, 18

HARRISON & BODELL, LLP
11455 El Camino Real
Suite 480
San Diego, CA 92130

HARRISON & BODELL LLP
11455 El Camino Real
Suite 480
San Diego, CA 92130

1

**State Cases**

2   *7-Eleven Owners for Fair Franchising vs. Southland Corporation,*
        85 Cal.App.4th 1135 (2000)…………..…………………………………………12
3
    *Chavez v. Netflix, Inc.*
4       *162 Cal. App. 4th 43 (2008)*.....………………………………………………...17

5   *Florez v. Linens 'N Things,*
        108 Cal.App.4th 447 (2003)…………..…………………………………………10
6
    *Pineda* v. *Williams-Sonoma Stores, Inc.,*
7       51 Cal.4th 524 (2011)…………..…………………………………………………10

8   *Wershba v. Apple Computer, Inc.,*
        91 Cal.App.4th 224 (2001)…………..…………………………………………14
9

**Federal Statutes**
10
    28 U.S.C. § 1715…………..…………………………………………………………13
11
    Fed. R. Civ. P ., Rule 23 …………..…………………………………………passim
12

**State Statutes**
13
    Cal. Civ. Code§ 1747.08 …………..…………………………………………passim
14

**Other Authorities**
15
    4 Alba Conte & Herbert B. Newberg,
16      Newberg on Class Actions § 11:41 (4th ed. 2002)……………..……………14

17  4 Alba Conte & Herbert B. Newberg,
        Newberg on Class Actions§ 11:50 (4th ed. 2002)……………..……………12
18
    7A Wright & Miller,
19      Federal Practice & Procedure § 1778 (2d ed. 1986)……………………………......9

20  Manual for Complex Litigation
        (Third) § 30.41 at 236-37 (1995)…………..……………..…………………………7

21

22

23

24

25

26

27

28

1   Pursuant to Federal Rule of Civil Procedure 23(e), Plaintiff respectfully submits this

2   memorandum of points and authorities in support of his Motion for Final Approval of Class

3   Action Settlement.

4   **I.      INTRODUCTION AND BACKGROUND**

5         This action arises out of Plaintiff Steve Juhline's allegations that Defendant Ben Bridge

6   Jeweler, Inc. ("Ben Bridge" or "Defendant") violated California Civil Code section 1747.08

7   ("Section 1747.08") by requesting and recording personal identification information from its

8   credit card customers in its California retail stores. Ben Bridge disputes and denies all claims of

9   wrongdoing and disputes and denies that it has violated Section 1747.08 or any other statutes or

10   laws.

11         After extensive discovery and motion practice and following mediation with Justice

12   Howard Weiner (Ret.), Plaintiff and Ben Bridge (the "Parties") eventually reached a settlement

13   agreement that was ultimately executed by the Parties and preliminarily approved by this Court.

14         The settlement confers a significant benefit to the Class of all persons who made a credit

15   card purchase at a Ben Bridge store in California from August 30, 2010 to December 19, 2014

16   and who were requested to and did provide personal identification information. Specifically,

17   each Class Member will receive fifty-five dollars ($55.00) in the form of a merchandise

18   certificate that was directly distributed to them by the Settlement Administrator with the

19   Settlement Class notice. There is no claims process. The merchandise certificate allows

20   Settlement Class Members to receive a benefit without having to spend any money out of pocket.

21   The merchandise certificate is redeemable at any Ben Bridge store in California for merchandise,

22   is fully transferable, and is valid for nine months.

23   **II.     LITIGATION AND SETTLEMENT**

24         **A.      Procedural History**

25         On or about August 30, 2011, Plaintiff filed a class action complaint in the San Diego

26   County Superior Court entitled *Juhline v. Ben Bridge Jeweler, Inc.*, Case No. 37-2011-

27   00097079-CU-NP-CTL, in which he alleged claims on his own behalf and on behalf of all others

28   similarly situated for violations of California's Song-Beverly Credit Card Act, Civil Code section

HARRISON & BODELL LLP
11455 El Camino Real
Suite 480
San Diego, CA 92130

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT

1   1747.08 (the "Action"). Since then, the following events have occurred:

2       December 13, 2011 - Defendant removed this Action to the Southern District of

3   California;

4       April 4, 2012 - Defendant moved for summary judgment on Plaintiff's individual claims,

5   which was denied on September 11, 2012;

6       April 12, 2013 - Plaintiff filed a First Amended Complaint ("FAC");

7       April 25, 2013 - Plaintiff filed a motion for class certification;

8       August 27, 2013 - the Court granted Plaintiff's motion for class certification;

9       January 16, 2014 - Plaintiff moved for partial summary judgment on his individual and

10  class claims;

11      February 14, 2014 - Plaintiff filed a motion for approval of class notice plan;

12      February 14, 2014 - Defendant moved to decertify the class and filed an opposition to

13  Plaintiff's motion for partial summary judgment on his individual and class claims;

14      April 17, 2014 - the Court denied Plaintiff's motion for partial summary judgment

15  without prejudice;

16      May 23, 2014 – the Court heard Defendant's motion to decertify and Plaintiff's motion

17  for class notice, and took both matters under submission.

18      July 21, 2014 – the Parties participated in a mediation session before Justice Howard B.

19  Wiener, during which they reached an agreement on the material terms of a settlement.

20      September 8, 2014 – Plaintiff filed a motion for preliminary approval of class action

21  settlement;

22      December 19, 2014 – the Court granted Plaintiff's motion for preliminary approval of

23  class action settlement;

24      February 4, 2015 – the Parties filed a joint motion to amend the First Amended

25  Complaint and file a Second Amended Complaint which modified the Settlement Class

26  definition to comport with the Settlement Class definition contained in the Settlement

27  Agreement;

28      February 5, 2015 – the Court granted the Parties' joint motion to amend the First

HARRISON & BODELL LLP
11455 El Camino Real
Suite 480
San Diego, CA 92130

-2-                                    3:11-cv-02906-GPC-NLS

1   Amended Complaint and file a Second Amended Complaint; Second Amended Complaint was

2   filed;

3          March 20, 2015 – Plaintiff filed an unopposed motion for Attorneys' fees, costs and

4   incentive award.

5          **B.     Discovery and Settlement Negotiations**

6          Even before filing this action, Class Counsel expended substantial efforts investigating

7   Ben Bridge's practices and interviewing potential plaintiffs and witnesses. After initiating the

8   case, Class Counsel participated in extensive discovery and reviewed substantial information and

9   thousands of pages of documents produced by Ben Bridge to determine the scope of the potential

10  class and merits of the alleged claims. Class Counsel took depositions of key Ben Bridge

11  personnel and defended the deposition of Mr. Juhline. Class Counsel researched the law

12  regarding the underlying statute and potential exemptions, and considered a number of unique

13  affirmative defenses relating to Ben Bridge's collection of information from its customers. Class

14  Counsel retained and consulted with numerous experts in preparation for trial.

15         After sufficiently investigating the underlying claims and reviewing the information

16  produced by Ben Bridge, and while Defendant's motion to decertify and Plaintiff's motion for

17  class notice were heard and were taken under submission by the Court, the Parties agreed to

18  mediate. On July 21, 2014, the Parties participated in a mediation session before Justice Howard

19  B. Wiener (Ret.), during which they reached a fair, reasonable, and adequate resolution as to the

20  material terms of a settlement.  On September 8, 2014, the Parties executed the Settlement

21  Agreement, and on December 19, 2014, the Court granted preliminary approval of the Settlement

22  Agreement [Doc. 87], and directed that notice be provided to members of the class pursuant to

23  the Notice Plan outlined in the Parties' Settlement Agreement.

24  **III.    THE PROPOSED SETTLEMENT**

25         **A.     Class Benefits**

26         Each Class Member will receive fifty-five dollars ($55.00) in the form of a merchandise

27  certificate that was directly distributed to them by the Settlement Administrator with the

28  Settlement Class notice. <u>There is no claims process.</u> The merchandise certificate allows

HARRISON & BODELL LLP
11455 El Camino Real
Suite 480
San Diego, CA 92130

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT

HARRISON & BODELL LLP
11455 El Camino Real
Suite 480
San Diego, CA 92130

1    Settlement Class Members to receive a benefit without having to spend any money out of

2    pocket.  The merchandise certificate is redeemable at any Ben Bridge store in California for

3    merchandise, is fully transferable and has a nine (9) months expiration on use. As of the date of

4    this motion, Ben Bridge offers approximately 1,185 unique items for sale in its California stores

5    for $55 or less, including leather and silver bracelets, silver rings and earrings, birthstone rings,

6    pendants and beads, pearl stud and post earrings, cuff links, jewelry boxes, watch straps, watch

7    cases, and baby jewelry. Declaration of Laurie Porad ("Porad Decl.") ¶ 5. As such, every class

8    member has the opportunity to obtain a variety of items from Ben Bridge without spending any

9    additional money. See Porad Decl. at ¶¶ 7-12.

10        As fully outlined in the declaration of Deborah McComb, a Senior Consultant at

11   Kurtzman Carson Consultants LLC ("Settlement Administrator"), approximately 67,902

12   merchandise certificates were distributed by the Settlement Administrator, either via mail or

13   email.

14        **B.    Notice of the Settlement to Class Members**

15        Rule 23(e)(1) of the Federal Rules of Civil Procedure requires class members to receive

16   notice of a settlement "in a reasonable manner." Class members need not receive "actual notice."

17   *Silber v. Maborn,* 18 F.3d 1449, 1453-1454 (9th Cir. 1994). Instead, notice may be provided in a

18   manner "reasonably calculated, under all the circumstances, to apprise interested parties of the

19   pendency of the action and afford them an opportunity to present their objections." *Mullane v.*

20   *Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950).

21        In compliance with the Court's Preliminary Approval Order dated December 19, 2014

22   [Doc. 87], the Class was provided notice in three ways: Direct Mail Notice, Direct Email Notice

23   and Website Notice. The Class Notice ("Notice") described, *inter alia*, the claims in the lawsuit,

24   the terms of the Settlement, and the procedures for objecting to the Settlement and for electing to

25   be excluded from the Class and the Settlement. The Notice also informed Class members that

26   they are permitted to appear at the Fairness Hearing on April 24, 2015. As such, the Class was

27   provided with sufficient notice of the Settlement.

28   / / /

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT

1

### 1.   Direct Mail Notice

On February 25, 2015, the Settlement Administrator mailed a Postcard Notice with Merchandise Certificate to the Class Members for whom Ben Bridge had a valid mailing address. Declaration of Deborah McComb ("McComb Decl.") ¶ 8. The Settlement Administrator sent Postcard Notices with Merchandise Certificates to 69,773 Class Members. *Id*. As of April 10, 2015, the Settlement Administrator received a total of 64 Postcard Notices with Merchandise Certificates returned by the U.S. Postal Service with forwarding addresses. McComb Decl. at ¶ 10. The Settlement Administrator remailed Postcard Notices with Merchandise Certificates to the Class Members at each of these new addresses. *Id*. As of April 10, 2015, the Settlement Administrator received a total of 4,782 Postcard Notices with Merchandise Certificates returned by the U.S. Postal Service as undeliverable. *Id*. at ¶ 11.

### 2.   Direct Email Notice

The Settlement Administrator identified 3,402 Class Members who had email addresses with no valid mailing addresses. McComb Decl. at ¶ 7. On February 25, 2015, the Settlement Administrator emailed the Email Notice to each of those 3,402 Class Members. McComb Decl. at ¶ 9. This email notice provided information regarding the settlement, including a link to the Settlement Website, located at www.BenBridgeSettlement.com. *Id.* Three attempts were made to deliver the Email Notice if it was initially undeliverable. *Id.* As of March 3, 2015, the Settlement Administrator's e-mail server registered 2,689 emails (84.33%) as having been successfully delivered and 533 (15.67%) as undeliverable. *Id.*

### 3.   Website Notice

On January 14, 2015, the Settlement Administrator established a settlement-specific website, located at www.BenBridgeSettlement.com (the "Settlement Website") for Class members to visit to learn information about the case and had copies of the Settlement Agreement, Preliminary Approval Order, Second Amended Complaint and Notice of Motion and Motion for Award of Attorneys' Fees, Costs and Incentive Award. As of April 10, 2015, the website had 7,503 visits. McComb Decl. at ¶ 13.

/ / /

HARRISON & BODELL LLP
11455 El Camino Real
Suite 480
San Diego, CA 92130

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

HARRISON & BODELL LLP
11455 El Camino Real
Suite 480
San Diego, CA 92130

### C.  Objections to and Exclusions from the Settlement

Pursuant to the Court's Preliminary Approval Order, Class members were required to file with the Court, and serve upon Class Counsel and Ben Bridge's counsel, a written objection at least twenty-one (21) days before the Final Approval Hearing. As the Court set the Final Approval Hearing for April 24, 2015, objections were due to be filed and served by April 3, 2015. Similarly, Class members wishing to opt out of the settlement were required to submit a request for exclusion to the Settlement Administrator postmarked at least twenty-one (21) days prior to the Final Approval Hearing. As such, requests for exclusions should have been postmarked by April 3, 2015.

There was one objection to the settlement which was filed with the Court on April 6, 2015, <u>after</u> the April 3, 2015 deadline. [Doc. 95 and 96.] The Settlement Administrator received eight (8) requests for exclusion. McComb Decl. at ¶ 14.

### D.  Attorneys' Fees, Costs and Incentive Fee Award

The Preliminary Approval Order appointed Plaintiff Steve Juhline as the Class representative, and the law firms of Harrison & Bodell LLP and Patterson Law Group, APC as Class Counsel. Plaintiff filed his Motion for Attorneys' Fee, Costs and Incentive Award on March 20, 2015, fourteen (14) calendar days prior to the Class members' objection deadline. Class representative applied for an incentive award of $5,000 and $835,000 in attorneys' fees and costs to Class Counsel.

## IV.  ARGUMENT

### A.  The Court Should Approve the Proposed Settlement Because a Class Exists, and the Proposed Settlement Is Fair, Adequate, and Reasonable

Court approval is required for any settlement agreement that will bind class members. *See* Fed. R. Civ. P. 23(e). Generally, class-settlement approval is a two-step process: (1) the Court evaluates whether a class exists; and (2) the Court determines whether the proposed settlement is fundamentally fair, adequate, and reasonable. *Morales v. Stevco, Inc.*, 2012 U.S. Dist. LEXIS 68640, at *16 (E.D. Cal. 2012) (*citing Staton v. Boeing Co*., 327 F.3d 938, 952 (9th Cir. 2003) (internal citations omitted)); *see also* Fed. R. Civ. P. 23(e)(2). After a grant of preliminary

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

approval, notice is directed to the class members, and then the Court holds a fairness hearing, where it considers any objections from class members and decides whether to grant final settlement approval. *See Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004) (*citing* Manual for Complex Litigation (Third) § 30.41 at 236-37 (1995)).

> **1.      A Class Exists Satisfying the First Prong of the Settlement Approval Analysis**

Class certification for settlement purposes should be granted because all the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) are satisfied. This Court preliminarily approved the Class defined in the Settlement Agreement. [Doc. 87] The Court defined the Class as follows:

> All Persons who, between August 30, 2010 and the date of Preliminary Approval of the Settlement, used a credit card to make a purchase at any Ben Bridge store in California and from whom Defendant requested and recorded personal identification information. Excluded from the Class are all Persons who (i) engaged in a transaction that involved appraisals, care plans, refunds, repairs, layaways, payments on Ben Bridge credit accounts, shipping, and special orders; (iii) opt-out of the Settlement Class in a timely and correct manner; (iv) Defendant, its subsidiaries, affiliates, successors, assigns, and all of its respective officers, directors, and employees; (v) counsel of record and their respective law firms; and (vi) any judicial officer to whom the Action is assigned.

> **a.      *Numerosity***

The class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(l). "Although there is no specific numerical threshold, joining more than one hundred plaintiffs is impracticable." *Morales,* 2012 U.S. Dist. LEXIS 68640, at *18-19 (citing *Jordan v. County of Los Angeles,* 669 F.2d 1311, 1319 & n.10 (9th Cir. 1982) (finding that the numerosity requirement would have been "satisfied solely on the basis of the ascertained class members" and listing multiple cases in which classes with fewer than 100 members were certified), *vacated on other grounds,* 459 U.S. 810, 103 S. Ct. 35, 74 L. Ed. 2d 48 (1982)). Here, there are approximately 70,000 class members. As such, the numerosity requirement is satisfied.

> **b.      *Commonality***

There are questions of law and fact that are common to the Class. *See* Fed. R. Civ. P. 23(a)(2). Some of the common questions include whether Ben Bridge's practices of requesting

HARRISON & BODELL LLP
11455 El Camino Real
Suite 480
San Diego, CA 92130

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

1   and recording customers' personal identification information during credit card purchase

2   transactions violate California Civil Code section 1747.08, and whether or not Ben Bridge had

3   any common policy that would violate California Civil Code section 1747.08. The common

4   questions "must be of such a nature that [they are] capable of class-wide resolution--which

5   means that determination of [their] truth or falsity will resolve an issue that is central to the

6   validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes,* 131 S. Ct.

7   2541, 2551 (2011). Here, the common questions go straight to the core of all of the Class

8   members' claims and answers to the questions would resolve the suit. Thus, the commonality

9   requirement is met.

10                            **c.       *Typicality***

11          The Class representative's claims are typical of the claims of the Class. *See* Fed. R. Civ.

12   P. 23(a)(3). Typicality is tested by determining "whether other members have the same or similar

13   injury, whether the action is based on conduct which is not unique to the named plaintiffs, and

14   whether other class members have been injured by the same course of conduct." *Hanon v.*

15   *Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir. 1992) *(quoting Schwartz v. Harp,* 108 F.R.D.

16   279, 282 (C.D. Cal. 1985)). Here, all Class members allege that, in violation of Section 1747.08,

17   their personal identification information was requested and recorded by Ben Bridge during a

18   credit card transaction. As such, typicality exists.

19                            **d.       *Adequacy of Representation***

20          The Class representative is required to "fairly and adequately protect the interests of the

21   class." Fed. R. Civ. P. 23(a)(4). To determine adequacy, two questions must be resolved: "(1) do

22   the named plaintiffs and their counsel have any conflicts of interest with other class members

23   and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of

24   the class?" *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1020 (9th Cir. 1998) *(citing Lerwill v.*

25   *Inflight Motion Pictures, Inc.,* 582 F.2d 507, 512 (9th Cir. 1978)). Here, Class representative and

26   Class Counsel allege that Class representative was asked for his personal identification

27   information during a credit card purchase transaction during the Class Period. These allegations

28   are identical, and not antagonistic to, the claims of the Class. Class representative has been

HARRISON & BODELL LLP
11455 El Camino Real
Suite 480
San Diego, CA 92130

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT

1    actively involved in the litigation, and he, along with Class Counsel, has acted in the Class

2    members' best interests. Further, as set forth in detail in the declaration of Class Counsel in

3    support of the Motion for Attorneys' Fees, Costs and Incentive Award, Class Counsel is very

4    experienced in class action litigation, including class actions for violations of Section 1747.08.

5    Representation of the Class is adequate.

6                          **e.**    ***Common Questions Predominate***

7            The final step in certification of this Settlement Class is to decide whether the common

8    questions of law and fact predominate over individual questions, and whether a class action is

9    superior to other methods of adjudication. *See* Fed. R. Civ. P. 23(b)(3). "When common

10   questions present a significant aspect of the case and they can be resolved for all members of the

11   class in a single adjudication, there is clear justification for handling the dispute on a

12   representative rather than on an individual basis." *Hanlon,* 150 F.3d at 1022 *(quoting* 7A Wright

13   & Miller, Federal Practice & Procedure § 1778 (2d ed. 1986)). Here, the common questions go

14   directly to the heart of the case, and the Court's ruling in favor of the Settlement will resolve the

15   claims for all Class members. It follows that a class action is superior to other available methods

16   of resolution. Individual claims would be for such a small amount of damages that, "[e]ven if

17   efficacious, these claims would not only unnecessarily burden the judiciary, but would prove

18   uneconomic for potential plaintiffs." *See Hanlon,* 150 F .3d at 1023. The costs of individual

19   litigation "would dwarf potential recovery." *Id.* Thus, a class action will fairly and efficiently

20   adjudicate the controversy.

21                  **2.**    **The Proposed Settlement Is Fair, Adequate, and Reasonable**

22           In granting final approval of a settlement, the Court determines whether the "settlement,

23   taken as a whole, is fair, reasonable and adequate to all concerned." *Rodriguez v. West Publ'g

24   Corp.,* 563 F.3d 948, 965 (9th Cir. 2009) *(quoting Hanlon,* 150 F .3d at 1027). To reach this

25   determination, the Court must balance several factors that may include one or more of the

26   following: (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely

27   duration of further litigation; (3) the risk of maintaining class action status throughout the trial;

28   (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT

proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *Linney v. Cellular Alaska P'ship,* 151F.3d1234, 1242 (9th Cir. 1998); *see also Torrisi v. Tucson Elec. Power Co.,* 8 F.3d 1370, 1376 (9th Cir. 1993) (holding that only one factor was necessary to demonstrate that the district court was acting within its discretion in approving the settlement). Here, each relevant factor supports the conclusion that the Settlement is fundamentally fair, adequate, and reasonable, and should be approved.

It is generally held that "the fact that the settlement agreement was reached in arm's length negotiations after relevant discovery [has] taken place create[s] a presumption that the agreement is fair." *Linney v. Cellular Alaska P'ship,* 1997 WL 450064, at *5 (N.D. Cal. 1997), *affd,* 151 F.3d 1234 (9th Cir. 1998) (citing *Ellis v. Naval Air Rework Facility,* 87 F.R.D. 15, 18 (N.D. Cal. 1980), *affd,* 661 F.2d 939 (9th Cir. 1981)). In this context "[i]t cannot be overemphasized that neither the trial court in approving the settlement nor [an appellate court] in reviewing that approval have the right or the duty to reach any ultimate conclusions on the issues of fact and law which underlie the merits of the dispute. It is well settled that in the judicial consideration of proposed settlements, 'the [trial] judge does not try out or attempt to decide the merits of the controversy,' [citation] and the appellate court 'need not and should not reach any dispositive conclusions on the admittedly unsettled legal issue.'" *City of Detroit v. Grinnell Corporation,* 495 F.2d 448, 456 (2nd Cir. 1974).

### a.    *The strength of Plaintiff's case and the risk, expense, complexity, and likely duration of further litigation*

The core of Plaintiff's claim is that Ben Bridge violated Section 1747.08 by requesting and recording Class members' personal identification information in conjunction with credit card transactions. Plaintiff believes he has the evidence needed to establish a case against Ben Bridge, because "requesting and recording a cardholder's [personal identification] information, *without more,"* violates Section 1747.08, and that a retailer cannot request personal identification information from a credit card customer "even if the consumer's response was voluntary and made only for marketing purposes." *Pineda v. Williams-Sonoma Stores, Inc.,* 51 Cal.4th 524, 527

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

HARRISON & BODELL LLP
11455 El Camino Real
Suite 480
San Diego, CA 92130

HARRISON & BODELL LLP
11455 El Camino Real
Suite 480
San Diego, CA 92130

1   (2011); *Florez v. Linens 'N Things,* 108 Cal.App.4th 44 7, 453 (2003). While Plaintiff and Class

2   Counsel contend his claims are meritorious, Ben Bridge denies any and all wrongdoing and has

3   raised, and would continue to raise, challenges to the legal and factual bases for those claims. For

4   example, Ben Bridge contends that Ben Bridge's customers voluntarily provided their personal

5   identification information and that reasonable customers did not perceive requests for their

6   information as a condition of a credit card transaction, and thus there is no liability under Section

7   1747.08. Ben Bridge also denies that this Action is suitable for class action status. Ben Bridge

8   contends that requests for customer information vary significantly between transactions at its

9   stores and in ways that are material to whether a reasonable consumer would perceive a

10  particular request as a condition of a credit card transaction, as required for liability under the

11  Act. Moreover, Ben Bridge contends that Plaintiff's alleged class is overbroad since it included

12  customers who voluntarily provided information or fell within the "special purpose" exception of

13  1747.08.  Bodell Decl. at ¶ 4.

14          The uncertainty as to whether consumers' voluntariness constitutes an affirmative defense

15  creates substantial risk for both sides. *Id.* at ¶ 5. The uncertainty as to whether this Action is

16  suitable for class action status also creates uncertainty on both sides.  Indeed, when the Parties

17  mediated and reached an agreement on the material terms of settlement, Ben Bridge's motion to

18  decertify the class stood submitted, and the Court had not indicated which way it would rule.

19  Plaintiff and his counsel recognize and acknowledge the expense and length of continued

20  proceedings necessary to prosecute the litigation against Ben Bridge through trial and through

21  appeals and the risk presented by Ben Bridge's motion to decertify. *Id.* Plaintiff and his counsel

22  also have taken into account the uncertain outcome and the risk of any litigation, especially in

23  complex actions such as this Class Action, as well as the difficulties and delays inherent in such

24  litigation. *Id.* This litigation involves complex class action issues, which would involve

25  protracted risky litigation if not settled. *Id.*  Finally, pursuant to California Civil Code section

26  1747.08(e), a violator of the statute shall be liable for a civil penalty of up to $250.00 for the first

27  violation and up to $1,000.00 for each subsequent violation of the statute, to be paid to the

28  cardholder. Cal. Civ. Code§ 1747.08(e). Because of the broad range of civil penalties that could

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT

be awarded by the Court after a trial in this case if Ben Bridge is found to have violated the statute, substantial risk exists for both sides.

Both sides faced substantial risk, and the uncertainties described above weigh strongly in favor of the Parties' settlement. The Settlement Agreement provides certainty and benefits to Plaintiff and the Class now, while resolution of the litigation and all appeals may take years and would provide no guarantee of benefits. The advantages of settlement outweigh the costs, risks, and potential for delay. The Settlement exemplifies an arm's length compromise that is fair and desirable to the class. *See* 4 Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 11:50 at 155 (4th ed. 2002) ("In most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results."); *see also Linney*, 151 F.3d at 1242 ("it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements. The proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators.") (italics omitted); *7-Eleven Owners for Fair Franchising v. Southland Corporation*, 85 Cal.App.4th 1135, 1150 (2000) (similar).

**b.** ***The amount or type of relief offered in Settlement***

Given the strength of Plaintiff's case and the risk, expense, complexity and duration of further litigation, the amount and terms of the proposed monetary benefits are extremely advantageous. Ben Bridge has provided $55 merchandise certificates to Class members. These merchandise certificates allow Class members to purchase merchandise at Ben Bridge stores selling for $55 or less without spending any money out of pocket, are freely transferable, and do not expire for nine months. The merchandise certificates allow Class members to choose from a significant amount of merchandise at Ben Bridge's 19 California stores, including bracelets, rings, earrings, cuff links, watch accessories, and jewelry boxes, all of a retail price of $55 or less. Porad Decl. ¶ 5.  Moreover, since they are transferable, the Class member has the option to sell the merchandise certificate if they want cash, or give it as a gift to another person. Accordingly, the $55 merchandise certificates confer a significant and tangible benefit on class members. *See Chaikin v. Lululemon USA*, 2014 WL 1245461 (S.D. Cal. Mar. 17, 2014) (Curiel,

HARRISON & BODELL LLP
11455 El Camino Real
Suite 480
San Diego, CA 92130

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

1  J.) (approving settlement under which class members receive $25.00 non-transferable

2  merchandise voucher to Lululemon stores, valid for six months); *Seebrook v. Children's Place*

3  *Retail Stores, Inc.*, 2013 WL 6326487 (N.D. Cal. Dec. 4, 2013); *Foos v. Ann, Inc.*, 2013 WL

4  5352969 (S.D. Cal. Sept. 24, 2013).

5  c. **The stage of litigation**

6  The Parties have engaged in extensive formal discovery, including fact discovery and

7  depositions, as well as preliminary expert discovery.  This discovery allowed Class Counsel and

8  counsel for Ben Bridge to sufficiently evaluate their positions' strengths and weaknesses, and the

9  probable expense of taking this case to trial. In any event, it is not the law that no class action can

10  be settled until the last particle of discovery has been completed and analyzed. "[I]n the context

11  of class action settlements, 'formal discovery is not a necessary ticket to the bargaining table'

12  where the parties had sufficient information to make an informed decision about settlement. ...

13  [N]otwithstanding the status of discovery, Plaintiffs' negotiators had access to a plethora of

14  information regarding the facts of their case.'" *Linney,* 151 F.3d at 1239-1240 (internal citations

15  omitted); *see also In re Corrugated Container Antitrust Litig.,* 643 F.2d 195, 211 (5th Cir. 1981).

16  Where, as here, a "plethora of information regarding the facts of [the] case" was in fact available,

17  the settlement should be approved.

18  d. **The experience and views of Class Counsel**

19  Class Counsel is very experienced in consumer class actions. Attorneys at Harrison &

20  Bodell, LLP and Patterson Law Group, APC have represented millions of consumers in

21  numerous consumer class actions asserting violations of California's consumer-protection

22  statutes, including the Song-Beverly Credit Card Act of 1971. Plaintiff's attorneys are well

23  qualified to conduct this litigation and to assess its settlement value. Defense counsel is also very

24  experienced in the prosecution and defense of class-action lawsuits. Based on that experience,

25  the Parties' counsel agree that the proposed settlement is one that is fair and adequate to members

26  of the Class.

27  e. **The presence of a governmental participant**

28  There is no governmental entity participating in this matter, but Ben Bridge provided

HARRISON & BODELL LLP
11455 El Camino Real
Suite 480
San Diego, CA 92130

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT

1   notice of the Settlement to all appropriate state and federal authorities on September 17, 2014,

2   pursuant to CAFA (28 U.S.C. § 1715(b)).

3                      **f.      *The reaction of the Class Members***

4          A class action settlement may be presumed fair when there are only a small percentage of

5   objectors. *Wershba v. Apple Computer, Inc.,* 91 Cal.App.4th 224, 245 (2001). Only one (1) Class

6   member has objected to the Settlement, and that objection was filed late, and only six (8) Class

7   members excluded themselves from the Settlement. McComb Decl. at ¶ 14. The fact that only

8   one objection has been filed weighs in favor of Settlement approval.

9                      **g.      *Lack of collusion between the Parties***

10         Proposed class settlements which are "negotiated at arm's length by counsel for the class"

11  are entitled to "an initial presumption of fairness." *See* Newberg on Class Actions Section 11:41

12  at 90. Here, the proposed settlement is the product of extensive negotiations conducted at arm's-

13  length among counsel and a well-respected mediator. Class Counsel and counsel for Ben Bridge

14  demonstrated that they were fully prepared to litigate this case through final judgment. This

15  litigation has been hotly contested since its inception in December of 2011.  There can be no

16  question of any collusion between counsel.

17     **B.    The Class Received Adequate Notice of the Settlement.**

18         Class members must be given reasonable notice of any proposed settlement and the Court

19  should "direct to class members the best notice that is practicable under the circumstances,

20  including individual notice to all members who can be identified through reasonable effort." *See*

21  Fed. R. Civ. P. 23(c)(2)(B), 23(e)(l). The notice must "clearly and concisely state in plain, easily

22  understood language" the following: (i) the nature of the action; (ii) the Class definition; (iii) the

23  Class claims, issues, or defenses; (iv) that a Class member may appear through counsel; (v) that

24  Class members may exclude themselves and how to do so; and (vi) the binding effect of a class

25  judgment on Class members. *See* Fed. R. Civ. P. 23(c)(2)(B).

26         Here, the Notice approved by the Court's Preliminary Approval Order complied with all

27  of these requirements. Ben Bridge delivered the court-approved Notices by directly mailing and

28  emailing the notices to Class members for whom Ben Bridge has a mailing or email address.

HARRISON & BODELL LLP
11455 El Camino Real
Suite 480
San Diego, CA 92130

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT

1   McComb Decl. at ¶¶ 4-11. The Settlement Website was also made available to Class members at

2   www.BenBridgeSettlement.com. McComb Decl. at ¶ 13. Thus, the three forms of Notice fairly

3   and accurately informed the Class members of the terms of the Settlement and provided

4   sufficient opportunity for them to make informed decisions regarding their rights.

5   **V.     THE SOLE OBJECTION TO THE SETTLEMENT SHOULD BE STRICKEN**

6          While Plaintiff, on behalf of himself and the certified class, has largely addressed why the

7   settlement in this heavily-litigated matter should subject to final approval, there has been one

8   objection and the issues raised therein are addressed below.  The objection was filed by Erika

9   Kron on April 7, 2015 via a two-page letter.  It should be noted that Ms. Kron indicated that she

10  is indeed represented by Attorney Matthew Kurilich. Mr. Kurilich has filed objections to at least

11  six prior class settlements, also without success.[1] For the reasons stated below, the Court should

12  strike the objection.

13         **A.     The Objection Is Procedurally Flawed**

14         Ms. Kron's objection was not timely filed.  Pursuant to this Court's preliminary approval

15  order of December 19, 2014, any Class Member who wished to object to the settlement was

16  required to file said objection on or before April 3, 2015, twenty one days before the Final

17  Approval Hearing.  That deadline was not met, as the objection was filed on April 7, 2015.

18         The procedural issue is of particular note since the objection was not made by an

19  individual who is new to this process.  From all indications, Ms. Kron, along with others to

20  whom she appears to be related or affiliated, makes objecting to class-action settlements a

21  regular practice. In other words, this is not an individual naïve to this process and who simply

22  missed the filing deadline by a few days.  Instead, this is a represented individual who was well-

23  aware of the requirements associated with a settlement, which requirements were made known

24  via the notice provided and the Settlement Website that was accessible at all times during the

25  ─────────────────────

26  [1] *See Roos, et al. v. Honeywell International, Inc.*, CGC-04-436205 (S.F. Superior Court); *In Re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation*, Case No. 8:10ML02151 JVS (FMOx) (C.D.Cal); *Gaos v. Google, Inc.*, Case No. 5:10-cv- 04809 ED (N.D. Cal.); *Poertner v. The Gillette Company et al*, Case No. 6:12-cv-00803 GAP (M.D. Fla.); *Golloher, et al v. Todd Christopher International, Inc., et al*, Case No. NO. C 12-06002 RS (N.D. Cal.); *Stanley Nader v. Capital One Bank USA, N.A. et al*, Case No., 2:12-cv-01265-DSF (C.D. Cal).

HARRISON & BODELL LLP
11455 El Camino Real
Suite 480
San Diego, CA 92130

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT

1    notice period. Consequently, the objection should be considered as untimely.

2    **B.    The Objection Was Not Made for the Benefit of the Class**

3    While Ms. Kron, like anyone else, may exercise her right to object to settlements, the

4    question is whether this is a legitimate objection or an objection that is an effort to secure

5    individual financial gain by objecting to what is an adequate, fair and reasonable settlement.

6    Here, settlement has procured a significant tangible benefit for class members while avoiding

7    significant risks presented by possible decertification of the class, protracted litigation, the

8    unknown likelihood of success in the litigation, and the range of available monetary penalties.

9    And the settlement does not display any characteristics of settlements to which a meritorious

10   objection might be raised. As this Court is aware, this matter was litigated for years and the

11   settlement was the result of arms-length negotiations and mediation with Justice Howard Weiner

12   (Ret.). This is not a case where a complaint was filed and resolved in short order.

13   Moreover, it appears that the objector is, or at least was, the office manager of the law

14   firm of Kron & Card, LLP, a firm that recently represented her as an objector in a case styled

15   *Scheslinger v. Ticketmaster,* Los Angeles Superior Court Case No. BC 304565.  Scott Kron of

16   the Kron & Card, LLP also represented Objectors Cheryl Kron and Stephen Kron in an action

17   before this Court, *Connor v. JP Morgan Chase,* 10cv1284 DMS (BGS).  Those objections were

18   withdrawn. A Stephen Kron also recently objected to a settlement in another class case in

19   Illinois, which case is named *In Re: Capital One Telephone Consumer Protection Act Litigation.*

20   That objection is now the subject of an appeal filed by Mr. Kron in the United States Court of

21   Appeals for the Seventh Circuit.

22   Ms. Kron's affiliations with serial objectors is the proper subject of consideration by this

23   Court. Although the merits of any objection (if properly filed) should be considered regardless of

24   who files it, it is appropriate to consider the concept of professional objectors in deciding

25   whether the objection or objections were filed to protect the rights of the class. As noted in *In re*

26   *Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1362 n.30 (S.D. Fla. 2011), "most if

27   not all of the Objections are motivated by things other than a concern for the welfare of the

28   settlement class. Instead, they have been brought by professional objectors and others whose sole

HARRISON & BODELL LLP
11455 El Camino Real
Suite 480
San Diego, CA 92130

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT

1  purpose is to obtain a fee by objecting to whatever aspects of the Settlement they can latch onto."

2  Here, the objection was not only untimely, and attacking a settlement with obvious merit, the

3  objection was also filed by a person whose motive for the filing of the same may be that of a

4  professional objector rather than the motive of protecting the rights of the class.

5       **C.**    **The Objection Does Not Raise Any Legitimate Issues Regarding the Merits of the Settlement**

6

7           **1.**     **The Settlement Does Not Provide for a "Coupon" to the Class**

8        Ms. Kron, who is the only person to object to the settlement, contends that the settlement

9  amounts to effectively nothing more than a coupon and, in turn, would result in a windfall to the

10  Defendant. Ms.  Kron cites no authority to support her position, which is belied by the facts and

11  the law, including a decision issued by this Court. *See Chaikin v. Lululemon USA*, 2014 WL

12  1245461, *3 (S.D. Cal. Mar. 17, 2014) (Curiel, J.) (holding that a $20 merchandise voucher that

13  requires "no additional purchase to redeem" acts like cash and is not a "coupon" requiring

14  heightened scrutiny under CAFA). And while Ms. Kron contends—erroneously—that the class

15  will not receive a meaningful benefit from a $55 merchandise voucher that they can use to obtain

16  items for free or sell for cash, she fails to submit *any* alternative settlement. Similar to the

17  objector in *Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43 (2008), Kron "fails to explain why the

18  settlement terms are not fair and reasonable in relation to the range of possible results further

19  litigation might have produced, including no class certification and/or zero or minimal recovery

20  of damages by class members." *Id.* at 55 (overruling an objector's claim that the settlement was

21  unfair, where the objector failed to supply any support for her contentions).  As the Court in

22  *Chavez* stated: "[t]he issue before the trial court [is] not whether the settlement agreement was

23  the best one that class members could have possibly obtained, but whether it is fair, adequate,

24  and reasonable." *Id.*

25        Merchandise vouchers provided by the Settlement here allow Class members to select

26  from a variety of merchandise they wish to receive for free, and the merchandise vouchers are

27  properly characterized as compensation akin to cash and thus not subject to CAFA's restrictions.

28  *See Chaikin*, 2014 WL 124561, *3; *Shames v. Hertz Corp.*, 2012 WL 5392159, *16 (S.D. Cal.

*(left margin)* HARRISON & BODELL LLP
11455 El Camino Real
Suite 480
San Diego, CA 92130

1   Nov. 5, 2012) (holding that vouchers with value which can range from $40 to over $100 are not

2   coupons under CAFA and that they "provide real value to class members"). In the Northern

3   District of California, the Court held that "the $20 certificates are not coupons [because they]

4   may be used to purchase entire products." *Ferrington v. McAfee, Inc.*, Case No. 10-cv-01455,

5   Order Granting Attorneys' Fees, Docket No. 166 at 8:15-9:22 (N.D. Cal., July 22, 2013). *See*

6   *also Seebrook v. The Children's Place Retail Stores, Inc.*, Case No. 11-cv-00837 (N.D. Cal. June

7   19, 2013); *Main v. Wal-Mart Stores, Inc.*, Case No. 3:11-cv-01919-JSW (N.D. Cal. May 24,

8   2013) (fee award and final approval granted).

9          This is certainly not a novel concept, as numerous other courts have approved class

10   action settlements that offered cash equivalents such as merchandise certificates and have held

11   CAFA does not apply. *See Reibstein v. Rite Aid, Corp.*761 F.Supp.2d 246 (E.D. Pa. 2011). In

12   that matter, the court determined that the gift cards were not "coupons" within the meaning of

13   CAFA. *Id.* at 255-56. The court described the gift cards as having cash value and having the

14   ability to be used for the purchase of many products. *Id.* The court found, "[u]nder these

15   circumstances, the gift cards are more like 'cash' than 'coupons'" and noted that "[i]n fact,

16   because the class members are likely to shop at Rite Aid again, they may even prefer the $20 gift

17   cards to the lesser value that would have been awarded had the parties opted to provide a cash

18   award." *Id.* at 256. *See also In re Easysaver Rewards Litig.* 2013 WL 435032, at *5 (S.D. Cal.

19   Feb. 4, 2013) *In re Bisphenol-A (BPA) Polycarbonate Plastic Products Liability Litig.*, 2011 WL

20   1790603, at *3 (W.D. Missouri, May 10, 2011); *Browning v. Yahoo! Inc.*, 2007 WL 4105871, at

21   *5 (N.D. Cal. Nov. 16, 2007).  The Settlement Class consists of existing Ben Bridge customers

22   who, because they have shopped there before, are especially likely to use and value a Ben Bridge

23   merchandise certificate and "may even prefer" them to a lesser cash award. *Reibstein*, 761

24   F.Supp.2d at 256.  Contrary to Ms. Kron's suggestion, the allegations and the settlement have

25   nothing to do with claims that consumers were not satisfied with the merchandise they purchased

26   at Ben Bridge. There is thus no indication based on the subject matter of the action that Class

27   members would not value a $55 merchandise certificate usable at Ben Bridge stores in

28   California. *Cf. Young v. Polo Retail, LLC*, No. C 02 4546 VRW, 2007 WL 951821, at *4 (N.D.

HARRISON & BODELL LLP
11455 El Camino Real
Suite 480
San Diego, CA 92130

-18-                                    3:11-cv-02906-GPC-NLS

1   Cal. Mar. 28, 2007).

2          In short, there is overwhelming legal authority that this is not a "coupon settlement" and

3   confers a significant and tangible benefit on Class members. As made clear by the Declaration of

4   Laurie Porad, on the date of this Motion, there were 1,185 unique pieces of merchandise

5   available to purchase at Ben Bridge stores in California priced at $55 or less. Porad Decl. ¶ 5.

6   This merchandise includes bracelets, watch straps, cuff links, rings, earrings, and charms, among

7   other pieces of jewelry and accessories. *Id.* ¶¶ 5-12. The availability of a wide range of items

8   priced at $55 or less makes it clear that the Class members have the opportunity to receive *free*

9   merchandise, not just *discounted* merchandise. *Chaikin*, 2014 WL 1245461 at *3; *Foos v. Ann,*

10  *Inc.*, 2013 WL 5352969, *2 (S.D. Cal. Sept. 24, 2013); *Seebrook,* 2013 WL 6326487 at *1-2;

11  *Simon v. Toshiba Am.*, 2010 WL 1757956, at *3 (N.D. Cal. Apr. 30, 2010); *Palamara v. Kings*

12  *Family Restaurants*, 2008 WL 1818453, at *1 (W.D. Pa. Apr. 22, 2008).

13         The benefit which Class members receive under this Settlement is at the very least

14  consistent with that given in other class action settlements involving similar claims under the

15  Song-Beverly Act – *none* of which were deemed to be CAFA coupon settlements. In fact, the

16  $55 transferable merchandise certificate provides greater benefits than settlements in the similar

17  cases cited above in terms of the value of the items that may be obtained for free. Any contention

18  that this is a "coupon," is a windfall to Defendant, or does not provide real compensation to the

19  Class is misguided and unsupported by the law and the straightforward facts of this matter.

20         **2.      The Scope of the Release Is Appropriate**

21         Without any legal support, Ms. Kron suggest that the release is overbroad and unfair.

22  However, the release, which is set forth below, fully complies with the law and common sense.

23  It properly addresses the claims that are to be released as those that were or could have been

24  asserted in this matter.  It in no way restricts future claims or otherwise jeopardizes the rights of

25  the Class.  The language is as follows:

26              2. "Release" means the release of claims set forth in Section IV.
               20. "Released Claims" means any and all actions, causes of
27             action, claims, demands, liabilities, obligations, fees, costs,
               sanctions, proceedings and/or rights of any nature and
28             description whatsoever, including, without limitation, violations

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT

HARRISON & BODELL LLP
11455 El Camino Real
Suite 480
San Diego, CA 92130

HARRISON & BODELL, LLP
11455 El Camino Real
Suite 480
San Diego, CA 92130

of any state or federal statutes, rules or regulations, or principles of common law, whether liquidated or unliquidated, known or unknown, in law or in equity, whether or not concealed or hidden, based upon, arising out of or related to, in whole or in part, any act, omission or other conduct alleged in the Action, including, without limitation, California Civil Code Section 1747.08 (all subsections), that has or could have been asserted in this Action by Plaintiff or any Settlement Class Member.

The release properly addresses those claims that are based on, arise out of or are related to the conduct alleged in the Action.

### 3.      The Incentive Compensation and Attorneys' Fees Are Appropriate

As addressed previously and herein, the incentive compensation to the Plaintiff and Class Representative is not excessive and is appropriate. He subjected himself to the litigation process on behalf of the Class, participated in the discovery process, including a deposition, and his efforts resulted in what is a resolution that benefits the entire Class. There is no legitimate objection to an award of $5,000 to this litigant.

Regarding attorneys' fees and while it is unclear on what basis the fees are challenged given the vague nature of the challenge, Plaintiff needn't remind the Court, yet again, of the litigation that took place in this matter, the risk involved by counsel and the impact of the same of the same on what amounts to a resolution in this matter that is beneficial to the Class members.

While Class Counsel has detailed all of their time and submits they have done so in greater detail than most, they stand by prepared to submit *in camera* any additional records the Court may deem appropriate.

Last and in regard to this issue, there were two objectors in a case titled *Mercury Interactive Corp. Secs. Litig. v. Mercury Interactive Corp.* (9th Cir. Cal. Aug. 18, 2010) 2010 U.S. App. LEXIS 17189 *18) who contended that the fee award was excessive. *Id.* at *4-5. The district court challenged that argument, indicating that the objectors failed to object to any line item of work that was identified and performed by class counsel. *Id.* at *6-7.

There is no difference in this matter. There is no indication of how or why the fees are excessive and a simple review of the fee motion and the docket in this matter would reveal that

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

1  any such claim is spurious.

2      **D.    If the Court Were Inclined to Consider the Objection, the Objector**

3          **Should Be Deposed**

4          As Courts have observed, serial or professional objectors and their counsel can make a

5  living by filing objections and then what often turn into meritless appeals to extract payments

6  from the parties. Consequently, federal courts have increasingly supported the ability of class

7  counsel to secure discovery from objectors. *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 281

8  F.R.D. 531 (N.D. Cal. 2012); *In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL No. 1827,

9  Dkt. 7011 (N.D. Cal.; Order filed 10/19/2012); *In re Static Random Access Memory (SRAM)*

10  *Antitrust Litig.*, MDL No. 1819, Dkt. 1393 (N.D. Cal.; Order filed 9/23/2011).

11          Here and, while it is submitted that the objection should be stricken on both procedural

12  and substantive grounds, if the Court were inclined to consider this sole objection, Class Counsel

13  should be permitted to obtain discovery from the objector. The requested discovery would

14  consist of one deposition and an attendant document request.

15  **VI.    CONCLUSION**

16          It is respectfully requested that the Court grant final approval of the Settlement in this

17  matter.

18

19  DATED:  April 10, 2015                    HARRISON & BODELL LLP

20

21

22                                By: */s/ Daniel D. Bodell*

23                                    Harry W. Harrison
                                    Daniel D. Bodell
                                    Attorneys for Plaintiff and the Class

24

25

26

27

28

HARRISON & BODELL LLP
11455 El Camino Real
Suite 480
San Diego, CA 92130

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HARRISON & BODELL LLP
11455 El Camino Real
Suite 480
San Diego, CA 92130

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.  I certify that all parties in this case are represented by counsel who are CM/ECF participants.  Any other counsel of record will be served by electronic mail, facsimile transmission, and/or first class mail on this same date.

/s/ Daniel D. Bodell

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT