NAME AND ADDRESS OF ATTORNEY
Matthew Kurilich #30172
17321 Irvine BLVD STE 115
Tustin CA 92780

PHONE: 714-734-3715

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

TRIAL JUDGE  Gonzalo P. Curiel           COURT REPORTER  Chari Possell

Erika A. Kron, Appellant

CIVIL NO. 11-cv-2906 (WQH-NLS)

(Appellant/Appellee)       Plaintiff

vs

Steve Julhline, Appellee           NOTICE OF APPEAL       (Civil)

(Appellant/Appellee)       Defendant

Notice is hereby given that  Objector Erika A. Kron

☑  Plaintiff ___  Defendant above named, hereby appeals to the United States Court of Appeals for the:   (check appropriate box)

☑  Ninth Circuit                             ___  Federal Circuit

from the:   (check appropriate box)

☑  Final Judgment  ATTACHED              ___  Order (describe)

entered in this proceeding on the ___4___ day of ___May___, 20 _15_.
Transcripts required   ☑ Yes           ___ No.
Date civil complaint filed:       12-14-11          .

Date: 5-16-15

Signature  /s/ Matt Kurilich

::ODMA\PCDOCS\WORDPERFECT\17861\1 May 5, 1999 (10:03am)

Matthew Kurilich California Bar Number 30172
17321 Irvine BLVD STE 115
Tustin CA 92780
Telephone    714-734-3715
Facsimile       714-734-3716
mattkurilich@gmail.com

*Counsel for Objector*
Erika A. Kron

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE JUHLINE, Individually and on Behalf of All Others Similarly Situated,<br>　　　　　Plaintiffs,<br><br>vs.<br><br>BEN BRIDGE JEWELER, INC., a Washington Corporation; and DOES 1 through 50 inclusive,<br><br>　　　　　Defendants. | Civil No. 11-cv-2906 (WQH-NLS)<br><br>**PROOF OF SERVICE** |

NOTICE OF APPEAL ATTACHED

Dated:  5-16-15                                        By: /s/ Matthew Kurilich

1

**PROOF OF SERVICE in STEVE JUHLINE, *et al.,* v. BEN BRIDGE JEWELER, INC., Case No. 11-cv-2906**

MATTHEW KURILICH<br>Attorney for Objector Erika A. Kron

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed electronically via CM/ECF on the 5-16-15 and served by the same means on all counsel of record.

/s/ Matthew Kurilich

**PROOF OF SERVICE in STEVE JUHLINE, *et al.*, v. BEN BRIDGE JEWELER, INC., Case No. 11-cv-2906**

# IN THE UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE JUHLINE, on behalf of himself and all others similarly situated,<br><br>  Plaintiff,<br><br>vs.<br><br>BEN BRIDGE JEWELER, INC., a Washington corporation; and DOES 1 through 50, inclusive,<br><br>  Defendants | Case No. 11cv2906 GPC (NLS)<br><br>**FINAL ORDER AND JUDGMENT**<br><br>Hon. Gonzalo P. Curiel |

  WHEREAS, Plaintiff Steve Juhline, individually and in his representative capacity (collectively, "Plaintiff" or "Class Representative"), and Ben Bridge Jeweler, Inc. ("Defendant," and, collectively with Plaintiff, the "Parties"), have reached a settlement of the above-captioned Action (the "Settlement");

  WHEREAS, Plaintiff previously filed a Motion for Preliminary Approval of the Settlement on the terms and conditions set forth in the settlement agreement and supporting exhibits attached to the Motion ("Settlement Agreement");

  WHEREAS, on December 19, 2014, this Court entered an Order granting Preliminary Approval of the Settlement ("Preliminary Approval Order"), *inter alia*: (i) certifying the Settlement Class for settlement purposes only; (ii) preliminarily approving the Settlement as fair, reasonable and adequate to the Settlement Class; (iii) approving the Notice Plan; (iv) authorizing the dissemination of Notice to Settlement Class Members; (v) scheduling the Final Approval Hearing; (vi) providing that, with the exception of such proceedings as are necessary to

implement, effectuate and grant final approval to the proposed Settlement, all proceedings in the Action are stayed until further order of the Court; and (vii) providing that, pending entry of the Final Order and Judgment, no Settlement Class Member (either directly, in a representative capacity, or in any other capacity) shall commence or prosecute any of the Released Claims against any of the Released Persons.

WHEREAS, the Settlement Administrator has filed a declaration with this Court confirming that notice of the Settlement was provided to the Settlement Class in accordance with the Notice Plan set forth in the Settlement Agreement;

WHEREAS, the Settlement Administrator has filed a declaration confirming that proper and timely notice of the Settlement was given to the appropriate state and federal officials, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715;

WHEREAS, a Final Approval Hearing was held on April 24, 2015 to, *inter alia*: (i) determine whether to grant final approval to the Settlement and enter the Final Order and Judgment approving the Settlement and dismissing the Action with prejudice; (ii) consider any timely objections to the Settlement and the Parties' responses to such objections; and (iii) rule on Class Counsel's applications for attorneys' fees, costs and expenses and for an incentive award.

NOW, THEREFORE, the Court, having considered the Settlement and all submissions filed in connection therewith, having considered the presentations of the Parties, the one untimely objection filed and presented to the Court by objector Erika Kron, the Parties' responses to such objection, and having considered Class Counsel's application for an award of attorneys' fees, costs and expenses and Class Counsel's request for approval of an incentive award for the Class Representative, and materials in support thereof, it is hereby ORDERED, ADJUDGED and DECREED THAT:

1.      The Settlement Agreement, including all exhibits thereto, is hereby incorporated by reference into this Final Order and Judgment as if explicitly set forth herein and shall have the full force of an Order of this Court.  The capitalized terms used in this Final Order and Judgment shall have the same meaning as defined in the Settlement Agreement.

2.       The Court has jurisdiction over the subject matter of this Action, the Parties, all Persons within the Settlement Class, and all Releasing Persons and Released Persons.

3.      The Court has reviewed the declarations filed by the Settlement Administrator regarding notice that was given in this case and finds that the notice provided to the Settlement Class pursuant to the Notice Plan as set forth in the Settlement Agreement is the best notice practicable under the circumstances and constitutes due and sufficient notice to Persons within the Settlement Class of, *inter alia*, (a) the pendency and nature of the Action; (b) the definition of the Settlement Class; (c) the claims, issues and defenses in the Action; (d) that a Settlement Class Member may enter an appearance through an attorney; (e) that the court will exclude from the class any member who requests exclusion; (f) the time and manner for requesting exclusion; (g) the binding effect of any judgment, whether favorable or not, on Persons within the Settlement Class who do not request to be excluded; (h) the proposed Settlement; (i) the Final Approval Hearing; and (j) the right of Persons within the Settlement Class who do not request to be excluded to object to the Settlement, and/or Class Counsel's petition for attorneys' fees and expenses and class representative incentive awards, consistent with the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.

4.      The Court finds that the appropriate state and federal officials were properly and timely notified of the Settlement, pursuant to 28 U.S.C. § 1715.  The Court has reviewed the declaration of the Settlement Administrator and the CAFA notices and accompanying materials

supplied therein, and finds that they complied with applicable requirements. This Final Order and Judgment is being entered at least 90 days after the dates on which the appropriate federal and state officials were served with the notice of proposed settlement.

5.  The Court finds that there were eight (8) timely and valid requests for exclusion from the Settlement Class and no timely objections to the Settlement. One untimely objection was filed by Erika Kron. That objection was filed after the deadline set by the Court in the Preliminary Approval Order. Accordingly, the objection is untimely and is therefore stricken. With respect to the merits of the stricken objection, however, the Court finds that the challenges raised do not show that the Settlement is unfair, inadequate or unreasonable.

6.  The Final Approval Motion is hereby granted. The Settlement is approved and found to be, in all respects, fair, reasonable, adequate and in the best interests of the Settlement Class pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

Specifically, the Court finds that final approval of the Settlement is warranted in light of the following factors:

(i) The strength of Plaintiff's case;

(ii) The risk, expense, complexity, and likely duration of further litigation;

(iii) The risk of maintaining class action status;

(iv) The amount offered in settlement;

(v) The extent of discovery completed and the stage of the proceedings;

(vi) The experience and views of counsel; and

(vii) The reaction of the class members to the proposed settlement.

*See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). The Court further finds that the Settlement is the product of good faith negotiations at arm's length, conducted with the

assistance and under the supervision of an experienced and independent mediator, the Honorable Howard B. Wiener (ret.), after thorough factual and legal investigation, and is not the product of fraud or collusion. *Officers for Justice v. Civil Serv. Comm'n of the City and Cnty. of San Francisco,* 688 F.2d 615, 625 (9th Cir. 1982). The Parties are directed to implement the Settlement Agreement in accordance with its terms.

7. The Court finds that the payment to Class Counsel in the amount of $835,000 in attorneys' fees, costs, and expenses, is fair and reasonable and orders that payment of that amount be made to Class Counsel in accordance with the terms of the Settlement Agreement.

8. The Court finds that Plaintiff, Steve Juhline, has fairly and adequately represented the interests of the Settlement Class. The Court finds that an incentive award of $5,000 to Steve Juhline, for his services as the Class Representative, is fair and reasonable and orders that payment of such amount be made in accordance with the terms of the Settlement Agreement.

9. Due and adequate notice having been given to Persons within the Settlement Class, it is hereby determined that the Class Representative and each and every Person within the Settlement Class, except those who filed timely and valid Requests for Exclusion as set forth in Appendix 1 hereto, and are identified in the reports filed with this Court by the Settlement Administrator, are bound by the Settlement Agreement and this Final Order and Judgment and are hereby permanently barred and enjoined from commencing or prosecuting any action or proceeding in any court or tribunal asserting any of the Released Claims, either directly, representatively, derivatively or in any other capacity, against any of the Released Persons. Annexed hereto as Appendix 1 is a schedule of all Persons who have been excluded from the Settlement Class.

10. The Settlement Administrator and the Parties shall take all steps required to implement the Settlement in accordance with the terms of the Settlement Agreement. It shall be the continuing responsibility of Class Counsel and the Settlement Administrator to respond to all inquiries from Settlement Class Members with respect to the Settlement.

11. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

12. Upon the Effective Date, the Releasing Persons will be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally and forever released and discharged all Released Persons from all Released Claims. The Releasing Persons assume the risk of any mistake of fact or law. If any of the Releasing Persons should later discover that any fact which they relied upon in entering into the Settlement Agreement is not true, or that their understanding of the facts or law was incorrect, they shall not be entitled to modify, reform, or set aside the Settlement Agreement or challenge the Release, in whole or in part, by reason thereof.

13. If the Effective Date does not occur, or if this Settlement Agreement is terminated for any reason, then:

(a) The Settlement Agreement shall become null and void and shall have no further force or effect;

(b) The Settlement Agreement and all related negotiations, statements, documents and court proceedings shall be without prejudice to the rights of the Parties, which shall be restored to their status immediately prior to the execution of the Settlement Agreement. The Parties expressly reserve all arguments, defenses and motions as to all claims that have been

asserted or may be asserted in the future, including, without limitation, arguments opposing maintenance of this Action as a class action; and

(c) All orders of this Court entered after execution of this Settlement Agreement will be deemed to be, and by operation of the Final Order and Judgment shall be, null and void and vacated, nunc pro tunc and ab initio, and the Action shall proceed as if the Settlement Agreement had neither been entered into nor filed with the Court.

14. Neither this Final Order and Judgment, the Settlement Agreement, Defendant's acceptance of its terms, nor any of the negotiations, statements, documents or court proceedings related thereto shall be construed as or deemed to be evidence of any presumption, concession or admission by Defendant or any of the Released Persons with respect to the truth of any fact alleged in this Action, the validity of any claim that was or could have been asserted in the Action, the deficiency of any defense that had been or could have been asserted in the Action including, but not limited to, the no class can be maintained in this Action, or of any liability or wrongdoing of Defendant or any of the Released Persons with respect to the Action. Neither this Final Order and Judgment, the Settlement Agreement, nor any of the negotiations, statements, documents or court proceedings related thereto shall be offered or received into evidence or used for any purpose whatsoever, in this or any other action or proceedings, other than to obtain approval of the Settlement, or to construe, enforce or implement the terms of the Settlement Agreement.

15. Within ninety (90) days of the Effective Date, Class Counsel shall return or destroy all documents produced or otherwise provided to Class Counsel by Defendant during the course of discovery in this Action or in connection with administration of the Settlement and all copies thereof. If the documents are destroyed, Class Counsel shall certify in writing to

Defendant's Counsel the steps that Class Counsel has taken to ensure that such documents have been destroyed in accordance with this Order. Nothing herein shall obligate any Class Counsel to destroy (i) attorney work product, including, without limitation, attorneys' notes or memos and deposition summaries; (ii) any transcript of any deposition, hearing, or trial proceeding; or (iii) any pleading or paper served on another party or filed with the Court or the Mediator in the Action.

16. Without affecting the finality of this Final Order and Judgment, this Court retains exclusive and continuing jurisdiction as to all matters relating to the implementation, administration, consummation, enforcement and interpretation of the Settlement and/or the Settlement Agreement, including the Releases contained therein, and any other matters related or ancillary to the foregoing; and over all Parties hereto, including Settlement Class Members and Released Persons, for the purpose of enforcing and administering the Settlement Agreement and the Action until each and every act agreed to be performed by the Parties has been performed pursuant to the Settlement Agreement.

17. This Action is dismissed with prejudice and, except as provided herein or in the Settlement Agreement, without costs. The Court finds that there is no just reason for delay and expressly directs Judgment and immediate entry by the Clerk.

**IT IS SO ORDERED.**

Dated: May 4, 2015

_____
Hon. Gonzalo P. Curiel
United States District Judge